874 So.2d 1215 (2004)
David Manuel SOTO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-2129.
District Court of Appeal of Florida, Third District.
May 19, 2004.
*1216 Bennett H. Brummer, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and John D. Barker, Assistant Attorney General, for appellee.
Before GODERICH, GREEN, and FLETCHER, JJ.

ON MOTION FOR REHEARING GRANTED
FLETCHER, Judge.
The opinion filed February 18, 2004 is withdrawn, and the following is substituted in its place.
David Manuel Soto appeals his conviction and sentence for attempted first degree murder, killing of a police dog, armed carjacking, and attempted second degree murder of a law enforcement officer. For the reasons which follow, we affirm the convictions, with a correction, but reverse for resentencing.
According to the testimony at trial, Soto pointed a gun at the head of the victim, who was putting gas into his car, and took the car. The victim gave police a description of clothes Soto was wearing and informed them that his car had a device that would shut it down in approximately four blocks.
Officer Wayne Cooper, with his police dog Atlas, responded to a BOLO which described the stolen vehicle. He first noticed the car rolling to a halt, saw Soto exiting the vehicle, and ordered him to stop. Soto continued walking around the vehicle, then started running across the athletic field of a nearby high school. Officer Cooper let Atlas out and pursued Soto, who turned and shot at Atlas and Officer Cooper. Atlas was hit and later died from gunshot wounds.
Soto threw his gun over a fence, then was taken into custody by other officers. Soto's palm print was found on the interior of the stolen vehicle and bullet fragments retrieved from the dog were found to be consistent with the gun found on the scene.
The jury returned a verdict finding Soto guilty of attempted first degree murder of Officer Cooper, killing of the police dog, armed carjacking, and attempted second degree murder of a law enforcement officer. After determining that the attempted second degree murder charge in count IV was a variant of the count I attempted first degree murder, the trial court orally set aside the attempted second degree murder conviction.
At the sentencing hearing, the state asked the court to sentence Soto to life in prison with a thirty-year mandatory minimum term. Soto then addressed the trial court, complaining of a cover up and that his trial had been unfair. In response the *1217 state called Officer Cooper who asked the court to sentence Soto to the maximum sentence allowable, pointing out Soto's lack of remorse and failure to accept responsibility for his actions. Before pronouncing sentence, the trial court stated:
"Sentencing is probably the most difficult point that any Judge has to do, especially when you are dealing with a twenty-three-year old who for practical purposes does not have a bad record, whose only prior record being a theft of a moped. But when I am faced with the situation of whether or not I give the number of years which means will Mr. Soto eventually get out of jail or give the maximum allowed under the statute, which is life, while Judges do not have crystal balls, I try as much as I can with intuition to look into the heart and sole [sic] of someone.
I do not expect Mr. Soto to have fallen on the floor today and to accept any responsibility. But when I hear him say that this is just a giant cover and that he was unfairly judged, it lets me know in my own gut and intuition that the act that was not just an admiration [sic] and that the attitude expressed by him is such that I would be afraid to let him back in society, realistically."
(R. 338-39).
The trial court sentenced Soto to life in prison, with a twenty-year mandatory minimum, on count I; five years consecutively on count II; and life imprisonment consecutively, with a ten-year mandatory minimum, on count III.
On appeal, Soto contends his due process rights were violated because in sentencing him the trial judge took into consideration his protestations of innocence. We agree that continued protestations of innocence, and unwillingness to admit guilt should not be factors taken into consideration by a court in sentencing a defendant. See e.g. Aliyev v. State, 835 So.2d 1232 (Fla. 4th DCA 2003); K.N.M. v. State, 793 So.2d 1195 (Fla. 5th DCA 2001); Lyons v. State, 730 So.2d 833 (Fla. 4th DCA 1999); and A.S. v. State, 667 So.2d 994 (Fla. 3d DCA 1996). Although Soto's apparent unwillingness to admit his guilt, as evidenced by his continued protestations of unfairness, may not have been the only or even the principal reason for the sentence imposed by the trial court, we are compelled by the judge's own statements to conclude that it may have been one of the factors considered. Therefore, we must reverse the case for resentencing by another judge. In addition, we direct that the judgment of conviction be corrected to reflect the trial court's ruling setting aside the conviction for attempted second degree murder on count IV. Finally, the state correctly concedes that the trial court erred in enhancing the degree of Soto's conviction on count I to a life felony under Traylor v. State, 785 So.2d 1179 (Fla.2000). We therefore also direct the trial court to reduce the degree of the felony at conviction and to resentence accordingly.
Affirmed in part; reversed in part and remanded.