885 So.2d 413 (2004)
James RITTER, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D04-1731.
District Court of Appeal of Florida, First District.
October 15, 2004.
*414 James Ritter, petitioner, pro se.
Charles J. Crist, Jr., Attorney General, and Shasta W. Kruse, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
By timely petition, James Ritter asserts that he was denied the effective assistance of counsel on appeal as a consequence of counsel's failure to address a sentencing issue apparent from the face of the record. We agree and grant the petition.
The transcript of Ritter's sentencing hearing reflects that his sentencing guidelines scoresheet yielded a sentencing range of 81 to 135 months imprisonment. Defense counsel argued for a sentence at the bottom of the guidelines range with a portion thereof suspended, while the state requested that Ritter be sentenced to a term of 96 months imprisonment, to be followed by 5 years of sex offender probation. In thereafter announcing sentence, the trial judge stated the following:
Mr. Ritter, you have been found guilty of one count of lewd and lascivious or indecent act upon a child by a jury on September 14, 2000.
The court is terribly disturbed that I think you still maintain you did not do anything. This jury has in fact determined to the contrary and I am accepting the jury's verdict having heard the testimony.
I have not seen any indication of remorse in this matter. I understand a lot of pain and suffering has been caused to a lot of people, but I have not seen any indication of admission that something was done wrong on your part or remorse on your part for something having been done as opposed to the terrible tragedy you have inflicted on the entire family.
Based upon that, sir, the court hereby sentences you to a term of 120 months in the Department of Corrections to be followed by a three year term of sex offender probation.
Ritter asserts that it is clear from these comments that the trial judge considered and gave weight to the fact that he continued to maintain his innocence and failed to show remorse, and on that basis imposed a sentence of incarceration in excess of that sought by the state. We find Ritter's argument in this regard to be meritorious. While a sentencing court has wide discretion as to the factors it may consider in imposing a sentence, it is constitutionally impermissible for it to consider the fact that a defendant continues to maintain his innocence and is unwilling to admit guilt. See, e.g., Lyons v. State, 730 So.2d 833 (Fla. 4th DCA 1999); Peters v. State, 485 So.2d 30 (Fla. 3d DCA 1986); Hubler v. State, 458 So.2d 350 (Fla. 1st DCA 1984). Although remorse and an admission of guilt may be grounds for mitigation of sentence, the opposite is not true. See K.N.M. v. State, 793 So.2d 1195 (Fla. 5th DCA 2001). Reliance on these impermissible factors violates the defendant's due process rights. See Holton v. State, 573 So.2d 284 (Fla.1990); Soto v. State, 874 So.2d 1215 (Fla. 3d DCA 2004); K.N.M. v. State, supra.
The state argues that appellate counsel can nonetheless not be faulted for failing to pursue this issue because it would not have been cognizable on appeal. In support of this proposition, the state cites to Melton v. State, 678 So.2d 434 (Fla. 1st DCA 1996), in which we held, pursuant to the version of section 924.06(1)(e) then in *415 effect, that a trial court's decision to impose a sentence within the applicable guidelines range (as opposed to departing therefrom) is not a proper basis for appeal. Because Ritter's appeal from his sentence would not have been based upon a claim that the trial court had erred by declining to impose a sentence below the applicable guidelines range, our decision in Melton would not have precluded his appeal. Ritter's appeal would instead have been based upon his claim that the trial court had imposed a sentence based upon Ritter's refusal to admit guilt and express remorse. Thus, unlike the issue presented in Melton, the issue in the present case was cognizable on appeal under section 924.06(1)(d), Florida Statutes (2001), and should have been identified and addressed by appellate counsel. See Fla. R. Crim P. 3.800(b)(2).
On the basis of the foregoing, we grant Ritter's petition, vacate his sentence, and remand for resentencing before a different judge.
ALLEN, VAN NORTWICK and BROWNING, JJ., concur.