948 So.2d 1014 (2007)
Eleazar Laroy JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-3225.
District Court of Appeal of Florida, Third District.
February 21, 2007.
*1015 Bennett H. Brummer, Public Defender, Miami and Gwendolyn Powell Braswell, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, Orlando and Michele Samaroo, Assistant Attorney General, for appellee.
Before GREEN, RAMIREZ, and LAGOA, JJ.
GREEN, J.
Eleazar Laroy Johnson appeals from his conviction and imposed sentence for robbery with a firearm after a jury trial. His sole argument on appeal is that during sentencing the trial court improperly considered his lack of remorse and/or culpability when he requested a downward departure sentence as a youthful offender pursuant to section 921.0026(2)(l), Florida Statutes (2006). We agree and reverse and remand for a new sentencing hearing before a different judge.
Johnson was charged with one count of robbery with a firearm. The charge stemmed from an incident where an elderly couple who was walking on a sidewalk was held up at gunpoint by an African-American male who leapt from the front passenger seat of a car. The African-American male wore a mask and gloves. The only thing taken from the victim was a cell phone. Upon taking the phone, the robber got back into the car which then sped away. The victims noted the car's license plate number, and the police issued a BOLO for the car. The car was spotted later that evening.
When the police stopped the car, a female driver got out. The male passenger in the front seat ran off and was not apprehended. There was an African-American male in the back seat of the car. A mask and glove were discovered in the car. A gun and a knit cap were later found in a yard nearby.
Later that evening, the police went to Johnson's home. His parents told the police that he was not there. Johnson later voluntarily went to the police station and was released after speaking with an officer. Johnson was thereafter charged with robbery with a firearm.
After trial, the jury convicted Johnson as charged and found that he possessed a firearm. At sentencing, the scoresheet indicated that Johnson scored a minimum of 48 months in prison, to a maximum of life in prison, with ten years minimum mandatory for possession of a firearm. The pre-sentence investigation ("PSI") report noted that Johnson had no prior criminal record and recommended that he be sentenced as a youthful offender to two years imprisonment, followed by two years of community control and two years of probation with certain conditions. Both Johnson and his counsel requested the court for a downward departure sentence as a youthful offender, section 921.0026(2)(l), in accordance with the PSI report recommendation. *1016 The trial court declined their request for a downward departure sentence as a youthful offender because Johnson failed to acknowledge his culpability for the charged offense. The court sentenced Johnson to twenty years imprisonment with a ten year minimum mandatory term.[1]
On this appeal, Johnson argues that his right to due process was violated when the trial court impermissibly weighed his protestation of innocence in *1017 considering his request for a downward departure from the sentencing guidelines as a youthful offender pursuant to section 921.0026(2)(l). We agree.
It is apodictic that a criminal defendant has the right to maintain his or her innocence and have a trial by jury. See A.S. v. State, 667 So.2d 994, 996 (Fla. 3d DCA 1996) (quoting Holton v. State, 573 So.2d 284, 292 (Fla.1990)); Art. I, § 22, Fla. Const.; U.S. Const. amend. VI. Generally speaking, therefore, a trial court may not hold a defendant's protestation of innocence against that defendant in either the guilt or penalty phase of the trial.[2]See Soto v. State, 874 So.2d 1215 (Fla. 3d DCA 2004); A.S.; Art I, § 9, Fla. Const.; U.S. Const. amend. XIV, § 1. We have said that a re-sentencing is required even if a defendant's refusal to admit guilt was but one of several factors considered by the court in imposing sentence. See Soto, 874 So.2d at 1217 (although defendant's unwillingness to admit guilt may not have been the only or even the principal reason or sentence imposed, reversal nevertheless required where it may have been one of the factors considered).
Based upon the comments made by the trial court, it is clear that Johnson's refusal to acknowledge his guilt in this case improperly factored into the court's refusal to consider the requested downward departure sentence. See K.N.M. v. State, 793 So.2d 1195, 1198 (Fla. 5th DCA 2001) (defendant has constitutional right not to be penalized during sentencing for maintaining innocence). We therefore vacate his sentence and remand with directions that he be re-sentenced by another judge. See Moorer v. State, 926 So.2d 475 (Fla. 1st DCA 2006). At the new hearing, the judge will consider Johnson's request for a mitigated sentence and the reasons in support therefore.
Reversed and remanded with instructions.
NOTES
[1] The following colloquy ensued:

[DEFENSE COUNSEL]: Well, it was indicated that the Court could deviate from the guidelines and sentence Mr. Johnson as a Youthful Offender. And that would be a maximum of six years.
The recommendation of the PSI is that he have two years in prison, followed by two years of Community Control, and two years of probation, with certain special conditions.
THE COURT: Why would I do that?
We are talking about an armed robbery with a firearm where your client doesn't acknowledge any involvement whatsoever in this criminal episode.
[DEFENSE COUNSEL]: Well
THE COURT: I don't get it.
[DEFENSE COUNSEL]: Well every case is a story in human failure and how people may choose to handle that failure. But, as the Judge, you have to sometimes look beyond the things that defendants may say in those cases and look for what you really think is going to benefit our society in the long run.
And so, if you really feel that the person meets your criteria for rehabilitation
THE COURT: Let me ask you this. Obviously your client has had all the support that any human could ever want or need.
[DEFENSE COUNSEL]: Yes.
THE COURT: And with that, he goes out and commits this highly violent crime, and refuses to acknowledge any involvement, any culpability, pretends that he is an innocent victim.
I mean, he just doesn't get it. He just doesn't get it.
Rehabilitate him from what? He has had everything. It isn't a situation of a man who has had nothing and fails. He had everything and failed. And then pretends that, you know, his situation is a result of the shortcomings of the Criminal Justice System rather than his own. There is nothing to rehabilitate, as I see it. And I could be missing it, but, you know, I don't know. I try to be as perceptive as I can. I have listened with an open mind. He has a very caring family and support system, and he thinks that this is somebody elses fault.
Now, with that in mind, is there anything else you want to say before I sentence you?
[THE DEFENDANT]: I would like to say I understand what you are saying and I'm not pretending to be an innocent victim in this case, Your Honor.
As you said, I have a very good support system. I'm not that kind of person to rob someone when I had a job, Your Honor. And there is no reason to rob a person if I have a job. I'm going to school.
THE COURT: I agree with you on that. That is about the only thing I agree with you on so far. You had no reason for robbing this man, this couple.
[THE DEFENDANT]: But the evidence is what pointed
THE COURT: Huh?
[THE DEFENDANT]: The evidence
THE COURT: I'm utterly convinced you are absolutely guilty, Mr. Johnson. I heard the evidence. There is no question you are guilty. This is not about guilt or innocence. This is a hearing to determine an appropriate punishment for you. And you need to understand that the things that you've said suggest to me that there is no reason for cutting you any break whatsoever.
Now, what else would you like to say?
[THE DEFENDANT]: That is it.
[DEFENSE COUNSEL]: May I have a moment?
THE COURT: You may.
(Thereupon, the Defense Attorney conferred with the defendant).
[DEFENSE COUNSEL]: We are ready, Your Honor.
THE COURT: Have I already adjudicated the defendant guilty?
[DEFENSE COUNSEL]: I believe at the time of the verdict.
THE CLERK: Yes.
THE COURT: I'm going to sentence the defendant to 20 years in prison, ten year mandatory minimum, credit for time served.
[2] A statutory exception exists in section 921.0026(2)(j), Florida Statutes (2006), which allows a sentencing court to grant a downward departure sentence to a defendant on the grounds that the offense was committed in "an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." In such an instance, a court may properly consider the defendant's remorse for the offense. See State v. Strawser, 921 So.2d 705 (Fla. 4th DCA 2006); State v. Perez-Gonzalez, 884 So.2d 1031 (Fla. 3d DCA 2004). The record before us, however, reflects that Johnson and his counsel never sought a mitigated sentence pursuant to this subsection. Rather, they sought a downward departure sentence as a youthful offender solely pursuant to section 921.0026(2)(l).