TAYLOR, J.
In these consolidated cases, James Whitmore appeals the trial court’s summary denial of his Rule 3.850 motion, which alleged ineffective assistance of his trial counsel, and petitions for a writ of habeas corpus, alleging ineffectiveness of his appellate counsel. We affirm as to all Whitmore’s claims regarding ineffective assistance of trial counsel, but find merit in his claim that appellate counsel was ineffective in failing to challenge on appeal the trial court’s consideration of Whitmore’s lack of remorse and failure to accept responsibility at his sentencing. We agree that the trial court’s reliance on these factors violated his due process rights and constituted fundamental error. Because this issue should have been raised on direct appeal, we grant the petition.
On September 21, 2003, Whitmore’s small dog was attacked by the much larger dog of the victim, Gary Estes. Whitmore had to take his dog to the veterinarian for treatment. Whitmore, who had been drinking, was very upset and angry. After he returned from the veterinarian’s office, he called Estes at Josie’s Bar. Estes testified that Whitmore called him several times at the bar, each time sounding louder and angrier. Around midnight, Estes got a ride home from the bar. According to Estes, almost immediately, Whitmore confronted him. Whitmore had a pipe or a similar weapon, which he used to strike two hard blows on Estes’s left leg. At that point, Estes was standing on one leg. As he reached down for his leg, Whitmore swung the pipe upwards, hitting Estes in the jaw and knocking him unconscious. Estes’s jaw was broken, and he lost five of his front teeth. He remained in the hospital for three weeks.
Whitmore’s former fiancée, Linda Sas-son, testified for the defense. She recounted the attack by Estes’s dog on Whit-more’s dog and the emergency trip to the veterinarian. She said that she was with Whitmore that night and that he did not go outside until after Estes had already been beaten by unknown persons. When Whitmore saw Estes lying on the ground, he called 911.
Donald McClain also testified for Whit-more. He said that he has known Whit-more for seventeen or eighteen years. He testified that he was in the trailer park that night at midnight when he saw Estes in the street drunk. He testified that a car that came from inside the trailer park *170 beeped for Estes to get out of the road, and that Estes responded by cursing the driver and gesturing with his middle finger. The driver got out of his car, they had words, and a fight ensued. The driver hit Estes in the face with a single punch, causing him to fall down on the ground. Then the other three car doors opened. Several men got out, screaming and speaking in Spanish, and punched and kicked Estes. The men then got back in the car and left. Afterwards, McClain saw Whit-more come out of his trailer. Four to five minutes later, the ambulance and police cars arrived on the scene. He testified that Whitmore was not involved in the attack on Estes.
"Whitmore was arrested and charged with aggravated battery. After a jury found him guilty of aggravated battery, he was sentenced to the statutory maximum, fifteen years in prison.[1] He contends that the trial court imposed the maximum sentence because he showed no remorse at sentencing and denied responsibility.
At sentencing, counsel for "Whitmore requested the trial court to sentence "Whit-more at the bottom of the guidelines. He explained that he was in a tough situation because "Whitmore continued to maintain his innocence. When "Whitmore addressed the court at sentencing, he told the court that he was sorry for what happened to Mr. Estes, but said “as God is my witness, I never left my house that night.” He also denied that there was a weapon involved in the case. Before sentencing "Whitmore to the maximum fifteen-year term of imprisonment, the trial court stated that, among other factors, she was basing her sentence “upon the fact that the defendant exhibits no remorse [and] denies responsibility.”
In Whitmore’s direct appeal, his attorney did not raise any sentencing error. "Whitmore asserts that his attorney’s failure to challenge his sentence constitutes ineffective assistance of appellate counsel. Claims of ineffective assistance of counsel are governed by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):
First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Id. at 687, 104 S.Ct. 2052. “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.” Id. at 690, 104 S.Ct. 2052. As to the prejudice prong, the defendant must show that:
there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
Id. at 694, 104 S.Ct. 2052.
In Florida, a claim that appellate counsel was ineffective must be presented by petition for writ of habeas corpus. Rutherford v. Moore, 774 So.2d 637, 643 (Fla.2000). The habeas corpus standards for ineffective assistance of counsel mirror the Strickland standard for trial counsel *171 ineffectiveness. Jones v. Moore, 794 So.2d 579, 583 (Fla.2001).
In Holton v. State, 573 So.2d 284, 292 (Fla.1990), the Florida Supreme Court held that a trial court violates due process by using a protestation of innocence against a defendant at sentencing. This is in accord with a long, unwavering line of cases, both before and after Holton. See Donaldson v. State, 16 So.3d 314, 314 (Fla. 4th DCA 2009) (holding that the trial court violated defendant’s right against self-incrimination by considering defendant’s protestations of innocence and lack of remorse in sentencing); Johnson v. State, 948 So.2d 1014, 1017 (Fla. 3d DCA 2007) (“[R]e-sentencing is required even if a defendant’s refusal to admit guilt was but one of several factors considered by the court in imposing sentence.”); Gilchrist v. State, 938 So.2d 654, 657-58 (Fla. 4th DCA 2006) (“When a court predicates the length of a sentence on the defendant’s failure to show any inclination toward repentance, the court violates the defendant’s right not to be required to incriminate himself.”); Aliyev v. State, 835 So.2d 1232, 1234 (Fla. 4th DCA 2003) (stating that the trial court could not impose a harsher sentence because the defendant “exercised his constitutional right to a jury trial, maintained his innocence, or failed to show remorse”); Soto v. State, 874 So.2d 1215, 1217 (Fla. 3d DCA 2004) (holding that continued protestation of innocence should not be a factor in sentencing); Lyons v. State, 730 So.2d 833 (Fla. 4th DCA 1999) (reversing sentence where court imposed lengthy sentence after defendant maintained his innocence and refused to tell court where stolen property was located); A.S. v. State, 667 So.2d 994, 996 (Fla. 3d DCA 1996) (“The fact that a defendant has pled not guilty cannot be used against him or her during any stage of the proceedings because due process guarantees an individual the right to maintain innocence even when faced with evidence of overwhelming guilt.”); Exposito v. State, Dep’t of Bus. Regulation, 508 So.2d 451, 452 (Fla. 3d DCA 1987) (“[A] party may not be penalized for lack of ‘remorse’ where he has a legitimate right to maintain his innocence.”); Hubler v. State, 458 So.2d 350, 353 (Fla. 1st DCA 1984) (“[Wjhere the defendant has at all times denied committing the battery charged and has persisted in maintaining his innocence, we conclude that it was improper for the trial court to aggravate the sentence imposed because the defendant failed to exhibit remorse for having committed the offense.”); Harden v. State, 428 So.2d 316, 317 (Fla. 4th DCA 1983) (“Where the court predicated the length of the sentence on the defendant’s failure to show any inclination toward repentance, which in the context of the comment clearly meant a failure to confess, the court violated the defendant’s right not to be required to incriminate himself.”).
The state urges us to dismiss the petition for writ of habeas corpus, arguing that our decision in St. Val v. State, 958 So.2d 1146 (Fla. 4th DCA 2007), authorizes a trial court to consider a defendant’s lack of remorse in imposing sentence. In St. Val, after a jury trial, the defendant was convicted of attempted first degree murder with a firearm, attempted second degree murder, and two counts of shooting into an occupied vehicle. The evidence at trial showed that the defendant shot at two people in a car and wounded one victim in the arm and head. Id. at 1146. At sentencing, the trial court considered the defendant’s lack of remorse before imposing a life sentence. We affirmed the sentence, reasoning that the trial judge properly took into account the defendant’s lack of remorse “as part of her broader rejection of his characterization of the crime as an accident in which someone just happened *172 to get shot.” Id. The St. Val case, we noted, was not one “where a defendant was punished for protesting his innocence as in AS., Johnson, and Holton.” [2] Id. at 1147.
In this case, however, the record reflects that Whitmore continued to maintain his innocence and deny that he inflicted the injuries on the victim. The record further reflects that before imposing the maximum sentence, the trial judge stated that she was considering Whitmore’s failure to show any remorse and accept responsibility for the offense. Although these were not the only reasons given by the trial judge for imposing the maximum sentence, they were among the factors that she mentioned. See Soto, 874 So.2d at 1217 (stating that although defendant’s lack of remorse and unwillingness to admit guilt were not the only factors in the trial court’s sentencing decision, where the judge’s own statements showed that the defendant’s unwillingness to admit guilt was one of the factors considered by the judge, reversal and resentencing before another judge were required).
Accordingly, we grant the petition for writ of habeas corpus as to Whitmore’s claim that appellate counsel was ineffective for failing to argue that the trial court committed fundamental error in considering his lack of remorse and denial of responsibility in imposing sentence. Because a new appeal would be redundant in this case, we vacate the sentence and direct that Whitmore be resentenced before a different judge. See Sanders v. State, 959 So.2d 1232 (Fla. 2d DCA 2007); Hernandez v. State, 884 So.2d 281, 282 (Fla. 2d DCA 2004) (citing Johnson v. Wainwright, 498 So.2d 938, 939 (Fla.1986)). We affirm the summary denial of Whitmore’s Rule 3.850 motion.
POLEN, J., concurs.
FARMER, J., dissents with opinion.

. Whitmore’s total sentencing points amounted to 116.6, making the lowest permissible sentence 66.45 months.

.Moreover, in St. Val we did not, as the state suggests, give trial courts carte blanche to consider a defendant's lack of remorse when imposing sentence. Instead, we disagreed with St. Val’s position that a sentencing judge could never, under any circumstances, consider a defendant's lack of contrition or remorse in imposing sentence. For that reason, we certified conflict with K.Y.L. v. State, 685 So.2d 1380, 1381 (Fla. 1st DCA 1997), disapproved on other grounds, State v. J.P.C., 731 So.2d 1255, 1256, n. 1 (Fla.1999) (holding that lack of contrition or remorse is a constitutionally impermissible consideration in imposing sentence). The Florida Supreme Court initially accepted review of the case but later dismissed the review proceeding. St. Val v. State, 982 So.2d 682 (Fla.2008).