PER CURIAM.
 

 Jean Mentor appeals his convictions and sentence for second-degree murder, armed robbery and armed burglary.
 
 [1]
 
 We affirm Mentor’s convictions without comment. However, we agree with Mentor’s contention that his sentence must be vacated because the trial court impermissibly considered his protestation of innocence in determining his sentence. The State correctly concedes error on this point.
 
 [2]
 

 “[A] trial court may not hold a defendant’s protestation of innocence against that defendant in either the guilt or penalty phase of the trial.”
 
 Johnson v. State,
 
 948 So.2d 1014, 1016 (Fla. 3d DCA 2007). A review of the sentencing hearing indicates that the trial judge impermissibly considered Mentor’s protestation of innocence and lack of remorse. The trial judge’s statement “can reasonably be read only as conditioning the sentence, at least in part, upon appellant’s claim of innocence, in violation of established law.”
 
 Jackson v. State,
 
 39 So.3d 427, 428 (Fla. 1st DCA 2010), and cases cited at 428;
 
 see Bracero v. State,
 
 10 So.3d 664 (Fla. 2d DCA 2009);
 
 Dorvil v. State,
 
 997 So.2d 1138, 1139 (Fla. 3d DCA 2008);
 
 Soto v. State,
 
 874 So.2d 1215 (Fla. 3d DCA 2004); A.S.
 
 v. State,
 
 667 So.2d 994 (Fla. 3d DCA 1996);
 
 see also Whitmore v. State,
 
 27 So.3d 168, 171 (Fla. 4th DCA 2010), and cases cited at 171. Such consideration is impermissible and Mentor must be re-sentenced even if his claim of innocence is “but one of several factors considered by the court in imposing sentence.”
 
 Johnson,
 
 948 So.2d at 1017;
 
 see also Soto,
 
 874 So.2d at 1217; AS., 667 So.2d at 996. Accordingly, we vacate Mentor’s sentence and remand for resentencing by a different judge.
 

 Convictions affirmed, sentence vacated, and cause remanded for resentencing.
 

 [1]
 

 . The jury found that Mentor was not in actual possession of a firearm.
 

 [2]
 

 . The State also concedes that the prosecutor incorrectly informed the trial court that Mentor faced a mandatory life sentence as a habitual felony offender.