EMAS, J.
 

 Appellant, Alexander Green, appeals his conviction and sentence for manslaughter. We affirm, without further discussion, the judgment of conviction. However, Appellant’s argument regarding sentencing has merit and, for the reasons which follow, we vacate the sentence and remand the cause for a new sentencing hearing before a different judge.
 

 At the sentencing hearing, the victim’s parents made a statement to the Court. Thereafter, the following took place:
 

 Court: Mr. Green, do you have anything to say?
 

 Defendant: Yes, sir.
 

 Defense counsel: If I may have a moment, Judge.
 

 Court: All right. We either have something to say or we don’t. Let’s go.
 

 
 *1171
 
 Defense counsel: I believe Mr. Green is going to invoke his Fifth Amendment right at this point in time, Your Hon- or.
 
 [1]
 

 Court: The[re] are 17-year-old people fighting and dying for this country right now. People are born and have to deal with adverse situations all the time. I regret that it is not an option for me to sentence you to life. You took a life and as far as I am concerned you forfeited your life. To the family of Mr. Hill, I understand your pain and the maximum that I can sentence Mr. Green to is 30 years.... The maximum I can sentence you is 30 years in state prison and I am sentencing you to 30 years in state prison.
 
 And you had your opportunity to talk. To take somebody’s life the way you did, when you walk up to somebody and you shoot them pointblank in the ear and you have nothing to say to these people, you know what, that tells me a lot about you.
 
 You don’t deserve to be out here with the rest of us. 30 years in state prison. Get him out of here.
 

 (Emphasis added).
 

 It is reasonably evident that the trial court, in fashioning the sentence, considered Appellant’s silence and, by his silence, the failure to express remorse. This was improper. Although a defendant’s expression of remorse and acceptance of responsibility are appropriate factors for the court to consider in mitigation of a sentence,
 
 [2]
 
 a lack of remorse, the failure to accept responsibility, or the exercise of one’s right to remain silent at sentencing may not be considered by the trial court in fashioning the appropriate sentence.
 
 [3]
 

 Mentor v. State,
 
 44 So.3d 195 (Fla. 3d DCA 2010);
 
 Johnson v. State,
 
 948 So.2d 1014 (Fla. 3d DCA 2007);
 
 Soto v. State,
 
 874 So.2d 1215 (Fla. 3d DCA 2004);
 
 A.S. v. State,
 
 667 So.2d 994 (Fla. 3d DCA 1996);
 
 Whitmore v. State,
 
 27 So.3d 168 (Fla. 4th DCA 2010);
 
 Bracero v. State,
 
 10 So.3d 664 (Fla. 2d DCA 2009);
 
 Ritter v. State,
 
 885 So.2d 413 (Fla. 1st DCA 2004);
 
 K.N.M. v. State,
 
 793 So.2d 1195 (Fla. 5th DCA 2001). Resentencing is required even if this was but one of several factors the court considered in imposing its sentence.
 
 Soto,
 
 874 So.2d at 1217;
 
 A.S.,
 
 667 So.2d at 996.
 

 The due process clause of the Fifth Amendment prohibits a court from punishing a defendant for exercising a constitutional right, such as the right to remain silent. As the Florida Supreme Court explained broadly in
 
 Holton v. State,
 
 573 So.2d 284, 292 (Fla.1990):
 

 A defendant has the right to maintain his or her innocence and have a trial by jury. Art. I, § 22, Fla. Const. The protection provided by the fifth amendment to the United States Constitution guarantees an accused the right against self-incrimination. The fact that a defendant has pled not guilty cannot be
 
 *1172
 
 used against him or her during any stage of the proceedings because due process guarantees an individual the right to maintain innocence even when faced with evidence of overwhelming guilt. A trial court violates due process by using a protestation of innocence against a defendant. This applies to the penalty phase as well as to the guilt phase under article I, section 9 of the Florida Constitution.
 

 When a defendant chooses to remain silent at a sentencing hearing, and the trial court regards this silence as a lack of remorse or a failure to accept responsibility, it causes an impermissible chilling effect upon a defendant’s due process rights, and cannot serve as a constitutionally permissible sentencing consideration. A defendant would face a Hobson’s choice between his right to remain silent (thus maintaining his innocence and preserving, as a practical matter, his appellate rights) and his right to allocution at sentencing.
 
 [4]
 
 A defendant who chooses silence at sentencing risks the possibility of an increased sentence should the trial court find such silence is evidence of a failure to express remorse or accept responsibility. A defendant who chooses to speak at sentencing and attempts simultaneously to express remorse while maintaining his innocence, does so at the risk that the trial judge will find such expressions of remorse insincere, exposing a defendant to the possibility of a harsher sentence.
 

 Conviction affirmed; sentence vacated and cause remanded for a new sentencing hearing before a different judge. The defendant is entitled to be present at the new sentencing hearing.
 

 [1]
 

 . It should be noted that Appellant did not testify at his trial.
 

 [2]
 

 .
 
 See, e.g.,
 
 § 921.0026(2)(j), Fla. Stat. (2007) (permitting trial court to depart downward from the sentencing guidelines where it established the "offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse”).
 

 [3]
 

 . Of course, a sentencing court is free to conclude that a defendant seeking a reduction, mitigation, or downward departure of a sentence, based upon a claim of remorse or acceptance of responsibility, has failed to make such a showing.
 
 See, e.g., Shelton v. State,
 
 59 So.3d 248 (Fla. 4th DCA 2011) (holding sentence was proper where court’s comments regarding lack of remorse were merely a recognition that there was no basis to grant defendant's request for a reduced sentence).
 

 [4]
 

 .
 
 See
 
 Fla. R.Crim. P. 3.720(b);
 
 Ventura v. State,
 
 741 So.2d 1187 (Fla. 3d DCA 1999);
 
 Barry v. State,
 
 330 So.2d 512 (Fla. 1st DCA 1976).