PER CURIAM.
Because the record reflects that the trial court expressly relied upon Josey’s failure to admit culpability when imposing Josey’s sentence, we are compelled to reverse and remand for resentencing before a different judge. See Holton v. State, 573 So.2d 284, 292 (Fla.1990) (“The fact that a defendant has pled not guilty cannot be used against him or her during any stage of the proceedings because due process guarantees an individual the right to maintain innocence even when faced with evidence of overwhelming guilt.”); Colon v. State, 53 So.3d 376, 379 (Fla. 5th DCA 2011) (“[W]e agree with [Appellant] that he is entitled to a new sentencing hearing because of the trial court’s express reliance on [Appellant’s] refusal to admit his culpability.”); Ritter v. State, 885 So.2d 413, 414 (Fla. 1st DCA 2004) (“While a sentencing court has wide discretion as to the factors it may consider in imposing a sentence, it is constitutionally impermissible for it to consider the fact that a defendant continues to maintain his innocence and is unwilling to admit guilt.”).
REVERSED and REMANDED for re-sentencing before a different judge.
EVANDER and COHEN, JJ., and HARRIS. C.M., Senior Judge, concur.