DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**JOHNATHAN KENNETH RAY DAVIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-0815

[October 22, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. 12014595CF10A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach,

Pamela Jo Bondi, Attorney General, Tallahassee and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Davis appeals his convictions and sentence for three counts of attempted first degree murder with a firearm. We affirm his convictions without discussion, but vacate his sentence and remand for resentencing before a different judge because the trial court improperly considered Davis's lack of remorse in sentencing him.

At the sentencing hearing, the State asked the court to sentence Davis to the lowest permissible sentence, a twenty-five year mandatory minimum to run concurrently on all cases. However, at the conclusion of the hearing, the trial court stated:

> THE COURT: I heard the evidence and I heard the jury speak. I also heard the recommendation of your lawyer. I've heard the recommendation by the state. I am going to give you as much of a break as I can. *What I didn't hear was your responsibility. What I didn't hear was an apology to the family*

*of the victims and to the victims. What I didn't hear was you taking ownership of your actions and that bothers me.*

(emphasis added). The trial court then sentenced Davis to concurrent terms of thirty years in prison with a twenty-five year mandatory minimum sentence and credit for time served.

On appeal, Davis argues that the trial court improperly considered his lack of remorse as an aggravating factor in the sentencing decision. He asserts that the trial court specifically referenced his lack of remorse when it announced his sentence, and that he is therefore entitled to resentencing before a different judge. We agree.

A defendant's due process rights are violated where the trial court relies on constitutionally impermissible factors in imposing a sentence. *Norvil* v. *State*, 39 Fla. L. Weekly D520 (Fla. 4th DCA Mar. 12, 2014). It is well established that "[w]hen a court predicates the length of a sentence on the defendant's failure to show any inclination toward repentance, the court violates the defendant's right not to be required to incriminate himself." *Gilchrist v. State*, 938 So. 2d 654, 657-58 (Fla. 4th DCA 2006); *see also Donaldson v. State*, 16 So. 3d 314 (Fla. 4th DCA 2009); *Soto v. State*, 874 So. 2d 1215 (Fla. 3rd DCA 2004) (stating that although defendant's lack of remorse and unwillingness to admit guilt were not the only factors in the trial court's sentencing decision, where the judge's own statements showed that the defendant's unwillingness to admit guilt was one of the factors considered by the judge, reversal and resentencing before another judge were required). A trial court's consideration of a defendant's lack of remorse in imposing its sentence is fundamental error. *See Whitmore v. State*, 27 So. 3d 168, 172 (Fla. 4th DCA 2010) (vacating the sentence and directing that the defendant be resentenced before a different judge).

Likewise, here, the trial court's consideration of Davis's lack of remorse and failure to take ownership of his actions or apologize to the victims' families constituted fundamental error. Therefore, we reverse the case for resentencing before another judge.

*Affirmed in part, reversed in part, and remanded.*

WARNER, LEVINE and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2