# Third District Court of Appeal

## State of Florida

Opinion filed December 24, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2952
Lower Tribunal No. 12-17979-C
_____

**Jeremiah Wiggins,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Robert J. Luck, Judge.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before SALTER, EMAS and LOGUE, JJ.

EMAS, J.

Jeremiah Wiggins appeals his convictions and sentences for possession of cocaine and marijuana and resisting an officer without violence. We affirm the convictions without further discussion. For the reasons that follow, however, we vacate the sentences and remand for a new sentencing proceeding before a different judge.

Wiggins was arrested on July 19, 2012, as part of a drug sting operation conducted by Miami-Dade Police. He was charged, along with two co-defendants with (1) trafficking in cocaine; (2) possession with intent to sell cocaine; (3) possession of cocaine; (4) possession with intent to sell marijuana; (5) felony possession of marijuana; and (6) resisting an officer without violence. Wiggins did not testify at his trial. Following trial, Wiggins was found guilty of three counts of cocaine possession, two counts of felony marijuana possession, and resisting an officer without violence. The trial court vacated the duplicative cocaine and marijuana possession charges, leaving a single count of cocaine possession, a single count of marijuana possession[1], and resisting an officer without violence.

After a presentence investigation was conducted by the Department of Corrections[2] and a presentence investigation report ("PSI") prepared, the court

---

[1] Although it is not necessary to our decision, we note for purposes of the new sentencing proceeding that it there is some conflict in the record whether the judgment and sentence for marijuana possession was for a felony or a misdemeanor. While the judgment reflects that this count was a felony, the Criminal Punishment Code Scoresheet scored the marijuana possession count as a misdemeanor.

2

proceeded to sentencing. At the sentencing hearing, the State sought a sentence of three years' imprisonment, and the defense asked for a maximum of eighteen months in prison. Following presentations from both the State and defense[3], and after reviewing the PSI, the trial court articulated the factors it considered in fashioning the sentence:

Okay. There's a number of factors the Court considers.

The Court considers, first, the nature and circumstance of the offense.

In this offense, you were a participant in a drug hole in a neighborhood in Miami-Dade County, and that is a serious offense. It is a serious offense because of the offense itself and the danger it imposes. It's a serious offense because of the danger it imposes to those in the community. It's a serious offense because it destroys the neighborhood in which you did this in.

There are a lot of everyday citizens who live in these neighborhoods where this drug hole was taking place, and you put them all in jeopardy by participating in that.

I also look to your history and characteristics.

Mr. Sullivan is right. Your counsel is right. You're not an old person. You're young, and yet you've been involved in maybe not the most significant criminal history, but some significant criminal acts, including arm robbery with a deadly weapon and an attempted arm robbery in 2008, which isn't all that long ago, including

---

[2] See Fla. R. Crim. P. 3.710(a) § 921.231(1), Fla. Stat. (2013) (providing circuit court with authority to refer case to Department of Corrections for investigation and preparation of written presentence investigation report prior to sentencing).

[3] Wiggins declined to make a statement to the court at sentencing.

the same sort of crime that you committed here in Georgia in 2011, for which you were on probation at the time that you committed this offense, and the same act in which you were – done here, which is resisting an officer without violence, which itself is a -- is a terribly violent -- has the potential to be terribly violent.

And the Court considers that as well.

In addition, the Court considers, in reading the PSI, the false statement that you made to the officer regarding your employment situation.

In checking with your father, who you said you were working with, your father disowned – disavowed any participation in employment and specifically said that he was on disability and did not work.

In addition, the statement you made to the probation officer is that you weren't involved in this at all, and the Court takes that into consideration as well.

The Court also takes into consideration the need for the – the seriousness (indiscernible) to reflect respect for the law and provide a just punishment.

And the people of this community, who are law-abiding and who live in this– in the neighborhood especially where you committed this crime, require that there be a significant sentence.

I also take into account the deterrence generally for this sort of crime and also specific deterrence for you committing this sort of crime, and I believe there is a need for a deterrence for you to commit future offenses in Miami-Dade County.  And that, too, mitigates in favor of a significant sentence.

Also believe that this sort of sentence– that this sort of crime needs to have a significant sentence to warn others

4

who are going to be involved in this exact sort of criminal – criminal conduct.

And so, for that reason, the Court imposes the following sentence:

You are sentenced to:

Three years state prison for Count 12, cocaine possession; 364 days for cannabis possession, to be served concurrent with Count 12, and resisting an officer without violence, 364 days, Count 17.

That is to be concurrent with Count 12, but consecutive to Count 14.

That is the Court's sentence.

I'm also imposing, as a condition of Count 12, that you serve one year of probation.

This appeal followed. Wiggins argues the trial court committed error in considering his failure to accept responsibility or admit his involvement in the crimes when fashioning his sentence. While the trial court took into consideration several factors and circumstances in determining the appropriate sentence, it is evident that one of those factors was Wiggins' statement that he was not involved in the underlying criminal activity: [4]

---

[4] The probation officer interviewed Wiggins as part of the presentence investigation, at which time Wiggins was given an opportunity to make a statement. The PSI indicated Wiggins provided the probation officer with the following information:

> **Defendant's Statement:** The defendant was interviewed on October 16, 2013 at the MetroWest Jail. The defendant stated that he is not

> In addition, the Court considers, in reading the PSI, the false statement that you made to the officer regarding your employment situation.
>
> In checking with your father, who you said you were working with, your father disowned – disavowed any participation in employment and specifically said that he was on disability and did not work.
>
> In addition, the statement you made to the probation officer is that you weren't involved in this at all, and the Court takes that into consideration as well.

As a general rule, a defendant's post-trial, presentence protestation of innocence or continued denial of involvement in a crime for which he has been convicted, like the refusal to accept responsibility or admit guilt, is not a factor the trial court may properly consider in fashioning an appropriate sentence. Green v. State, 84 So. 3d 1169, 1171 (Fla. 3d DCA 2012); Mentor v. State, 44 So. 3d 195 (Fla. 3d DCA 2010); Johnson v. State, 948 So. 2d 1014 (Fla. 3d DCA 2007); Soto v. State, 874 So. 2d 1215 (Fla. 3d DCA 2004); A.S. v. State, 667 So. 2d 994 (Fla. 3d DCA 1996); Robinson v. State, 108 So. 3d 1150 (Fla. 5th DCA 2013); Whitmore v. State, 27 So. 3d 168 (Fla. 4th DCA 2010); Hannum v. State, 13 So. 3d 132 (Fla. 2d DCA 2009); Bracero v. State, 10 So. 3d 664 (Fla. 2d DCA 2009). Reliance on a constitutionally impermissible factor in imposing sentence violates a defendant's right to due process. Green, 84 So. 3d at 1171-72; Gage v. State, 147

---

guilty of the offenses found guilty of. The defendant further stated that he was at the wrong place at the right time.

6

So. 3d 1020 (Fla. 2d DCA 2014); Josey v. State, 145 So. 3d 200 (Fla. 5th DCA 2014); Nawaz v. State, 28 So. 3d 122 (Fla. 1st DCA 2010); Ritter v. State, 885 So. 2d 413 (Fla. 1st DCA 2004).

The State argues there was no error because, when viewed in their totality, the trial court's statements reflect that it was referring to Wiggins' false statement to the probation officer that he was working with his father. We do not agree. Rather, the record reflects that the trial court took into account Wiggins' statement in the PSI that he was not guilty of the offenses and that he was simply in the wrong place at the wrong time; in essence, that Wiggins continued to maintain his innocence even in the face of the jury's verdicts. Given this record, the State had the burden of establishing that this factor "played no part in the sentence imposed" by the trial court. See Epprecht v. State, 488 So. 2d 129, 131 (Fla. 3d DCA 1986); Doty v. State, 884 So. 2d 547 (Fla. 4th DCA 2004). The State has failed to meet this burden.

While there is little doubt that the trial court was thoughtful and articulate in expressing its reasons for the sentences imposed, and although this was but one of many factors expressly considered by the trial court, we are nevertheless compelled to reverse and remand for a new sentencing proceeding before a different judge.[5] Green, 84 So. 3d at 1171; Johnson, 948 So. 2d at 1017; Soto, 874 So. 2d at 1217; A.S., 667 So. 2d at 996.

7

Judgments of conviction affirmed.  Sentences vacated and remanded for a new sentencing proceeding before a different judge.

---

[5] We express no opinion on the propriety of the actual sentence imposed nor do we, by our decision, preclude the imposition of this, or any other lawful, sentence on remand.