Klingensmith, J.
Michael Allen (“appellant”) appeals the trial court’s revocation of his probation, and consequent prison sentence. Appellant alleges the court erred in finding that he violated his probation, and then violated his constitutional rights at sentencing when it required him to make an admission of guilt in exchange for a reduced sentence. Although there was sufficient evidence to support the court’s finding of a probation violation, we agree with appellant that his constitutional rights were violated during sentencing and reverse for a new sentencing hearing.
Following a motor vehicle accident, appellant was observed sitting in the driver’s seat of a car that crashed into a van. He was then observed exiting the car and walking away from the scene. Five minutes later, however, appellant was seen returning to his car and attempting to start it. After it failed to start, witnesses saw appellant exit the car and start to run, but bystanders detained him until police arrived.
Following this incident, the State filed a probation violation affidavit against appellant, claiming that he violated his probation by committing the criminal offense of DUI, refusing to submit to a DUI test, leaving the scene of a crash involving damage to property, and driving with a suspended license as a habitual traffic offender.
At the probation revocation hearing, a witness identified appellant as the same person she saw exiting the driver’s seat of the car after it crashed into her neighbor’s van. She testified that appellant was the only person sitting inside the car. Two police officers who later arrived on scene testified that they found appellant sweating profusely, his speech was slurred, and his eyes were glassy. A bottle of whiskey was found in the backseat of appellant’s car, and one officer noted that appellant had the odor of alcohol on his breath. That officer further testified that appellant’s normal faculties were impaired and he refused to submit to field sobriety exercises.
Appellant testified that his friend was driving the car and he was only a passenger when it crashed. He stated he could not open his door after the crash, so he waited and then exited the car through the driver’s side door before walking around. This is when, according to appellant, the bystanders started asking him questions until the police arrived. Appellant admitted that he smoked marijuana the night of the crash, but steadfastly denied he was the person driving the car.
*51 Based on the testimony and evidence, the trial court found that appellant violated his probation. Then, as the court considered appellant’s sentencing, the following exchanges occurred:
THE COURT: Mr. Allen, I’m just telling you straight up right now. I’m going to max you out to the most it can be unless you tell me the truth right now. Run your mouth real well. You’re are [sic] very articulate.
One of the smartest most articulate defendants I’ve seen here in six months. You know how to spin a phrase, you know how to speak better than most lawyers in this courtroom. I’ve been listening. I have never seen anybody go toe to toe with [the prosecutor] as well [sic] you did.
Now, he scored a lot of points against you, but the fact of the matter is, you are a cool cucumber under pressure, and you know how to run your mouth. You’re articulate. You’re smart.
I’m telling you straight up, Fm going to max you out unless you tell me the truth. I’m not going to max you out if you come clean right now.
[COUNSEL]: Your Honor, before we get into that, may I just have a word with my client?
THE COURT: If he comes clean with me I’m going to shave some time off.
[COUNSEL]: I just want to explain the consequences of this.
THE COURT: I think he’s a smart man. You can do it, but he heard me straight up.
[COUNSEL]: Understood.
THE COURT: [Counsel], I don’t want you to have to sell him on anything. This has to be from his heart and he’s got to tell the truth. I want him to come clean. He comes clean, I’m going to shave some time off.
[COUNSEL]: I was just explaining the consequences for purposes of appeal if, for whatever reason he does admit to this. The different consequences.
[APPELLANT]: Your Honor, may I ask a question? Admitting to driving or driving under the influence.
[THE COURT]: I want the truth out of you, sir. If you testify to the truth right now. The truth is you were driving that car.
And you know you are in violation and you messed up. You relapsed on alcohol and pot. You were driving a car without a license.
The best is you’re doing your level best to try to weasel out of this. Just tell the truth about that. If you do, that’s your AA, 12 step program is the honesty program. It’s all about that. Tell the truth about that. And that’s my—in my way of thinking that’s worth something.
But if —so this is your last chance to have any kind of mitigation at all. You don’t have to do it. [Counsel] is right.
You can continue to beat that innocent drum and take an appeal, or you can admit now and tell the truth. And I’m going to shave some time off. I don’t know how much.
[APPELLANT]: May I please —
THE COURT: Not if you are going to piss on me and tell me it’s raining. I want the truth out of you.
[APPELLANT]: Yes, Your Honor.
THE COURT: Okay. Or say nothing.
[APPELLANT]: Yes, Your Honor. May I speak now?
THE COURT: One or the other.
[[Image here]]
*52 THE COURT: Just say the truth. The truth will set you free.
[[Image here]]
THE COURT: It’s not going to set you free. I mean, it’s going to set you free from this torment you’re going through right now. You are going to prison, no matter what, the question is how long. Now, I’m going to shave more time off if you tell the truth. Were you driving that car or not?
[APPELLANT]: No, Your Honor I was not driving that car. I was not driving that car, Your Honor. I was in violation by being in contact with Debra.
I was in contact with the person that was a convicted felon. I know he had a gun. I know all these negative things. Yes, I did violate. But driving that car, Your Honor, no.
THE COURT: You tried to get in that car and start that car and drive off, didn’t you?
[APPELLANT]: No, Your Honor. No. No, Your Honor. No.
THE COURT: That’s your speech and you’re sticking to it?
[APPELLANT]: That car wasn’t going anywhere. It was done. Even if I thought about, my whole nose — that’s what I was going to say. May I speak? My nose was fractured. My whole mouth —
TIIE COURT: I understand. I heard that. What’s he score?
(Emphasis added).
Thereafter, when appellant’s counsel argued appellant should receive a reduced sentence because he had no history of substance abuse, the court responded, “I gave [appellant] an opportunity.” The court then sentenced him to four years imprisonment. This appeal followed.
We review a trial court’s decision on violations of probation for abuse of discretion. Ubiles v. State, 23 So.3d 1288, 1291 (Fla. 4th DCA 2010). “To revoke probation, the conscience of the court must be satisfied that the State proved by a greater weight of the evidence that, under the totality of the circumstances, the probationer deliberately, willfully, and substantially violated a condition of his or her probation.” Shepard v. State, 939 So.2d 311, 313 (Fla. 4th DCA 2006). Here, there was sufficient evidence presented at the revocation hearing for the trial court to find that appellant was operating the car at the time of the accident. A witness testified that she heard the accident and saw appellant exiting the car from the driver’s seat. Although appellant testified someone else was actually driving the car, the “trial court, as the trier of fact, was free to weigh the conflicting evidence and reject defendant’s testimony as not credible.” Miller v. State, 661 So.2d 353, 355 (Fla. 4th DCA 1995).
Where a defendant asserts that the sentence imposed derived from a violation of constitutional rights, we review the trial court’s sentencing decision de novo. See Grosso v. State, 2 So.3d 362, 364 (Fla. 4th DCA 2008).
In determining whether appellant’s sentence was improperly influenced by his failure to admit guilt, we have considered the following: (1) appellant’s protestation of innocence after conviction, (2) the nature of the trial court’s attempt to secure an admission of guilt, (3) the degree of coercion used by the court to extract the admission, and (4) whether the court indicated either expressly or impliedly that an admission of guilt or remorse would result in better treatment or a reduced sentence. After considering these factors, we find that appellant’s sentence was improperly influenced by his unrelenting insistence of innocence.
*53 In Holton v. State, 573 So.2d 284, 292 (Fla. 1990), the Florida Supreme Court explained that a trial court violates a defendant’s due process right against self-incrimination when it uses the defendant’s averment of innocence against him or her in sentencing:
A defendant has the right to maintain his or her innocence and have a trial by jury. Art. I, § 22, Fla. Const. The protection provided by the fifth amendment to the United States Constitution guarantees an accused the right against self-incrimination. The fact that a defendant has pled not guilty cannot be used against him or her during any stage of the proceedings because due process guarantees an individual the right to maintain innocence even when faced with evidence of overwhelming guilt. A trial court violates due process by using a protestation of innocence against a defendant. This applies to the penalty phase as well as to the guilt phase under article I, section 9 of the Florida Constitution.
Holton is in accord with a long line of cases decided by this court. See Davis v. State, 149 So.3d 1158, 1160 (Fla. 4th DCA 2014) (holding that in imposing a sentence, “the trial court’s consideration of [the defendant’s] lack of remorse and failure to take ownership of his actions or apologize to the victims’ families constituted fundamental error”); Whitmore v. State, 27 So.3d 168, 172 (Fla. 4th DCA 2010) (ruling that fundamental error occurred when the court based its sentence on the defendant’s lack of remorse and refusal to accept responsibility); Donaldson v. State, 16 So.3d 314, 314 (Fla. 4th DCA 2009) (“[A]t sentencing the trial court expressly considered [the defendant’s] protestations of innocence and failure to show remorse in determining what sentence to impose. In so doing, the trial court violated [the defendant’s] due process right against self-incrimination.”); Gilchrist v. State, 938 So.2d 654, 657-58 (Fla. 4th DCA 2006) (“When a court predicates the length of a sentence on the defendant’s failure to show any inclination toward repentance, the court violates the defendant’s right not to be required to incriminate himself.”); Aliyev v. State, 835 So.2d 1232, 1234 (Fla. 4th DCA 2003) (“[T]he trial court could not impose a harsher sentence upon [the defendant] because he exercised his constitutional right to a jury trial, maintained his innocence, or failed to show remorse.”); Lyons v. State, 730 So.2d 833, 834-35 (Fla. 4th DCA 1999) (reversing sentence where court imposed lengthy sentence after defendant maintained his innocence and refused to answer court’s inquiry concerning where stolen property was located); Harden v. State, 428 So.2d 316, 317 (Fla. 4th DCA 1983) (“Where the court predicated the length of the sentence on the defendant’s failure to show any inclination toward repentance, which in ... context ... clearly meant failure to confess, the court violated the defendant’s right not to be required to incriminate himself.”).
Our sister courts have also consistently held that fundamental error occurs when the trial court expressly considers the defendant’s unwillingness to admit guilt as a factor in sentencing. See Williams v. State, 164 So.3d 739, 740 (Fla. 2d DCA 2015) (“When a sentencing court expressly considers the improper factors of a defendant’s assertions of innocence and refusal to admit guilt, the truthfulness of his testimony, or the failure to show remorse, fundamental error and a denial of due process occur.”); Mentor v. State, 44 So.3d 195, 196 (Fla. 3d DCA 2010) (reversing the defendant’s sentence because trial court considered the defendant’s protestation of innocence and lack of remorse in sentencing); Jiles v. State, 18 So.3d 1216, 1216 (Fla. 5th DCA 2009) (reversing the defen *54 dant’s sentence that was improperly based on defendant’s denial of involvement and failure to accept responsibility); Johnson v. State, 948 So.2d 1014, 1017 (Fla. 3d DCA 2007) (“[R]e-sentencing is required even if a defendant’s refusal to admit guilt was but one of several factors considered by the court in imposing sentence.”); Ritter v. State, 885 So.2d 413, 414 (Fla. 1st DCA 2004) (“[I]t is constitutionally impermissible for [a sentencing court] to consider the fact that a defendant continues to maintain his innocence and is unwilling to admit guilt.”).
Federal courts also prohibit trial judges from increasing a defendant’s sentence due to the defendant’s refusal to admit guilt after trial. Similarly to how the trial court in this case posed its ultimatum to appellant, the trial court in Thomas v. United States, 368 F.2d 941, 944 (5th Cir. 1966), insisted that the defendant in that case “come clean” at sentencing regarding his involvement in a bank robbery:
If you will come clean and make a clean breast of this thing for once and for all, the Court will take that into account in the length of sentence to be imposed. If you persist, however, in your denial, as you did a moment ago, that you participated in this robbery, the Court also must take that into account. Now which will it be?
When the defendant persisted in his claim of innocence, the trial court imposed the maximum possible sentence. Id. On appeal this was deemed improper, and the defendant’s sentence was reversed. Id. at 944-47.
Thus, it is well-established that trial courts are prohibited from penalizing a defendant for not admitting guilt at sentencing. This prohibition is designed to protect an individual’s right of appeal or prospects of post-conviction relief that might otherwise be jeopardized by rewarding a defendant’s admission of guilt following trial. Our legal system recognizes that even at the time of sentencing, a defendant has not been finally and irrevocably adjudged guilty. Several legal challenges to a conviction are still open to a defendant after adjudication, including the potential to move for a new trial, the opportunity to discover and present new evidence, and the right to pursue all avenues of appeal. Indeed, the appeal process is an integral part of the trial system for finally adjudicating the guilt or innocence of a defendant. Allowing a sentencing court to penalize a defendant for not admitting guilt after a conviction or adjudication would jeopardize various rights attached to these post-trial processes and chill a defendant’s right to remain silent.
A defendant’s rights are infringed when he or she is forced to make a choice to either remain silent at a sentencing hearing and risk that the court regard this silence as a failure to accept responsibility, or to make an incriminating statement upon the trial court’s prodding, or to falsely admit wrongdoing and risk a perjury conviction in hopes of securing a measure of leniency. Any defendant in such a situation is in a vulnerable position and faced with a Hobson’s choice.[1] Even though a defendant has the option, and indeed the right to remain silent or maintain innocence, he or she may feel coerced under such circumstances to admit guilt, if for no other reason than to prevent receiving a harsher sentence.
While the evidence at the revocation hearing supported the allegation that *55 appellant violated his probation, we must err on the side of protecting appellant’s constitutional rights with regard to the trial court fashioning an appropriate sentence. Here, the trial court repeatedly-threatened appellant with the maximum sentence unless he admitted guilt, while at the same time dangling the prospect of a reduced sentence if he “came clean.” Because the sentencing judge’s comments suggest that the sentence imposed was based on improper considerations, that sentence must be reversed even if it was not the maximum possible sentence that could have been given.
Accordingly, we affirm the trial court’s finding that appellant violated his probation, but reverse the sentence imposed and remand for new sentencing before a different judge. Donaldson, 16 So.3d at 314. Appellant is entitled to be present at the new sentencing hearing.

Affirmed in part, Reversed in part and Remanded.

Gerber and Levine, JJ., concur.

. A Hobson's choice is a situation in which it appears that there are multiple options, but there is actually only one that is viable.