# Third District Court of Appeal

## State of Florida

Opinion filed December 19, 2018.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D17-1794
Lower Tribunal No. 14-27483

————————————

**Manuel Chiong-Cortes,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Kayla H. McNab, Assistant Attorney General, for appellee.

Before EMAS, FERNANDEZ, and LOGUE, JJ.

LOGUE, J.

Manuel Chiong-Cortes appeals his conviction of burglary of an unoccupied conveyance and petit theft as well as his sentence as a habitual offender to eight years in prison followed by two years of probation. We affirm the conviction without further comment, but reverse the sentence and remand for resentencing.

At the end of the sentencing hearing, the trial court stated: "I'll tell you, Mr. Chiong-Cortes, I've heard a lot of excuses from you and I have seen the pattern of criminal conduct for close to 30 years. And the one thing I haven't heard is any remorse, just excuses." The trial court later said: "And that is really the biggest concern here."

These comments indicating the trial judge considered Appellant's lack of remorse in fashioning the sentence constitute reversible error. As we have previously explained:

> Although a defendant's expression of remorse and acceptance of responsibility are appropriate factors for the court to consider in mitigation of a sentence, a lack of remorse, the failure to accept responsibility, or the exercise of one's right to remain silent at sentencing may not be considered by the trial court in fashioning the appropriate sentence.

Green v. State, 84 So. 3d 1169, 1171 (Fla. 3d DCA 2012). See Mentor v. State, 44 So. 3d 195, 196 (Fla. 3d DCA 2010) ("A review of the sentencing hearing indicates that the trial judge impermissibly considered Mentor's protestation of innocence and lack of remorse."); A.S. v. State, 667 So. 2d 994, 995-96 (Fla. 3d

DCA 1996) (reversing disposition in juvenile case where trial court's comments indicated reliance on child's protestation of innocence).

Here, even though Chiong-Cortes made an extended presentation to request mitigation, the trial court did not expressly limit his comments regarding Appellant's lack of remorse to its rejection of the request for mitigation. In light of the trial court's own statements, we are compelled to conclude that Appellant's lack of remorse was one of the factors considered in entering the sentence. See Soto v. State, 874 So. 2d 1215, 1217 (Fla. 3d DCA 2004).

Accordingly, we reverse the sentence and remand for a new sentencing hearing. As we have in the past, in an abundance of caution, we direct the new sentencing hearing be conducted by a different circuit court judge. T.R. v. State, 26 So. 3d 80, 83 (Fla. 3d DCA 2010). The new judge has the discretion to enter any legal sentence. See Price v. State, 838 So. 2d 587, 588-89 (Fla. 3d DCA 2003); State v. Swider, 799 So. 2d 388, 390-91 (Fla. 4th DCA 2001); Palmer v. State, 182 So. 2d 625, 626 (Fla. 4th DCA 1966).

Conviction affirmed; sentence reversed; case remanded.