485 So.2d 30 (1986)
Clifford R. PETERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-2500.
District Court of Appeal of Florida, Third District.
March 18, 1986.
Bennett H. Brummer, Public Defender, for appellant.
Jim Smith, Atty. Gen., and Mark J. Berkowitz, Asst. Atty. Gen., for appellee.
Before HENDRY, HUBBART and FERGUSON, JJ.
*31 PER CURIAM.
Clifford Peters, a first-time felony offender, appeals from two consecutive sentences, totalling 268 years imprisonment, imposed below for two armed robbery convictions entered after an adverse jury verdict. These sentences, had they been imposed three days later, would have been governed, at the defendant's option, by the new sentencing guidelines established by Fla.R.Crim.P. 3.701 with a recommended sentencing range of four and one-half to five and one-half years of imprisonment.
The record affirmatively demonstrates that the trial court based this unusually severe sentence on two constitutionally impermissible factors. First, the trial court considered the refusal of the defendant, upon the trial court's invitation, to recant his trial testimony and confess to the charged robberies. At the sentencing hearing, the trial court specifically invited the defendant to repudiate his trial testimony, in which he had asserted his innocence, and to confess to the charged robberies. When the defendant refused, the trial court commented that the defendant's trial testimony "sounds like a story that you probably invented while you [were] sitting there going through the trial." Plainly, the trial court penalized the defendant for exercising his privilege against self-incrimination, his right to be tried by a jury, and his right to testify in his own behalf  all of which are constitutionally prohibited in the sentencing process. See, e.g., United States v. Robbins, 623 F.2d 418 (5th Cir.1980); Thomas v. United States, 368 F.2d 941 (5th Cir.1966); Hubler v. State, 458 So.2d 350 (Fla. 1st DCA 1984); Fraley v. State, 426 So.2d 983, 985 (Fla. 3d DCA 1983).
Second, the trial court ridiculed the defendant's possession of a bible in court as a fraudulent expression of religious belief. The trial court stated that such religious behavior "is just so typical of most of you people who find religion while you are sitting in jail," noting that the person identified as the defendant had made certain anti-religious statements to the victims during the robberies in question. Plainly, the trial court penalized the defendant for exercising his religious freedom which is also constitutionally prohibited in the sentencing process. See Fraley v. State, supra.
We reverse the sentences under review and remand the cause to the trial court for resentencing. If the defendant so chooses, he shall be resentenced under the sentencing guidelines established by Fla.R.Crim.P. 3.701.
Reversed and remanded.