SCHWARTZ, Chief Judge.
The convictions under review are reversed for a new trial because the trial court admitted into evidence a photograph of the defendant, which had not been previously supplied as required in pre-trial discovery, without first conducting a Richardson hearing. Zeigler v. State, 402 So.2d 365 (Fla.1981), cert. denied, 455 U.S. 1035, 102 S.Ct. 1739, 72 L.Ed.2d 153 (1982); Cumbie v. State, 345 So.2d 1061 (Fla.1977); Balboa v. State, 446 So.2d 1134 (Fla. 3d DCA 1984).
While we have previously certified to the supreme court the question of whether the rule of per se Richardson reversibility should continue to be the law, R.R. v. State, 476 So.2d 218 (Fla. 3d DCA 1985), *830 we do not believe that this case is an appropriate one for a similar certificate.
Further, although it is not necessary to reach this point because of the new trial requirement and the fact that, after remand, the appellant may now elect to be sentenced under the guidelines, we note that the two consecutive 134-year sentences imposed upon Del Haya, a first time offender, suffer from many of the same deficiencies which led to our reversal of the identical sentences imposed on his co-defendant in Peters v. State, 485 So.2d 30 (Fla. 3d DCA 1986).