PER CURIAM.
 

 Appellant seeks review of his sentence after entering a guilty plea for traveling to meet a minor to commit an unlawful sex act and for soliciting a minor to engage in unlawful sexual conduct. He asserts that he is entitled to have his sentence vacated and to be resentenced by another judge because the trial court improperly considered appellant’s national origin when imposing the sentence.
 

 During the sentencing hearing, the prosecution played portions of a taped interview of appellant after his arrest in which he expressed his views regarding the morality of American women. Specifically, he stated that during conversations with underage women, he laughed at how stupid American women are and expressed his beliefs regarding the immorality of Americans. During the interview, appellant also remarked how glad he was to have married a woman from his home country of Pakistan: “[I] thank God that I did not marry anyone from this country who are that sexually hungry and who want that many stupid things to be done to them by a stupid stranger.”
 

 
 *124
 
 The transcript of appellant’s sentencing reflects the following exchange before the trial court pronounced its sentence:
 

 THE COURT: Irfan Nawaz, you are a degenerate. You are a hypocrite and you are a bigot. You invited behavior from young women that would confirm your contempt for this country and then you laugh at them and ridicule them when you succeed in leading them astray. That is contemptible.
 

 THE DEFENDANT: Yes, sir.
 

 THE COURT: On behalf of my countrywomen I join you in thanking God that you did not marry an American woman.
 

 THE DEFENDANT: Yes, sir.
 

 THE COURT: If in the days to come, Irfan Nawaz, you find yourself in a living hell it is because you deserve it.
 

 THE DEFENDANT: Yes, sir.
 

 THE COURT: As to count one, it is the judgment and sentence of this court that you be committed to the Department of Corrections for a period of 15 years. As to count two, you are committed to the custody of the Department of Corrections for a term of five years, sentences to run consecutive. If you believe this sentence to be illegal, you have 30 days from today’s date to commence an appeal.
 

 Appellant raises, for the first time, on appeal that the trial court improperly considered his national origin in imposing his guidelines sentence of twenty years. Because he did not preserve the issue by raising a contemporaneous objection in the trial court, this court may consider the error only if it is fundamental.
 
 See, e.g., Jackson v. State,
 
 983 So.2d 562, 574 (Fla.2008) (“[A]n unpreserved error may be considered on appeal only if the error is fundamental.”);
 
 Hannum v. State,
 
 13 So.3d 132, 135 (Fla. 2nd DCA 2009). Although a defendant challenging a sentencing error must generally file a motion under rule 3.800(b), Florida Rules of Criminal Procedure, in order to raise fundamental error on appeal, if the error is not an error in the sentencing order, but rather an error in the sentencing process, rule 3.800(b) does not apply.
 
 See Jackson,
 
 983 So.2d at 569, 573-74. Here, the fundamental error asserted by appellant is the trial judge’s consideration of appellant’s national origin during the sentencing process, not an error in the sentencing order.
 
 See Hannum,
 
 13 So.3d at 135 (citing
 
 Brown v. State,
 
 994 So.2d 480, 481 (Fla. 1st DCA 2008)). Accordingly, appellant was not required to file a rule 3.800(b) motion before raising fundamental error in this appeal.
 
 See Hannum,
 
 13 So.3d at 135. We, therefore, review the trial court’s conduct under the fundamental error standard.
 

 Fundamental error “must be basic to the judicial decision under review and equivalent to a denial of due process.”
 
 Hopkins v. State,
 
 632 So.2d 1372, 1374 (Fla.1994) (quoting
 
 State v. Johnson,
 
 616 So.2d 1, 3 (Fla.1993)). Although an appellate court generally may not review a sentence that is within statutory limits under the Criminal Punishment Code, an exception exists, when the trial court considers constitutionally impermissible factors in imposing a sentence.
 
 See, e.g., Evans v. State,
 
 816 So.2d 742, 743-44 (Fla. 4th DCA 2002);
 
 Dowling v. State,
 
 829 So.2d 368, 370-71 (Fla. 4th DCA 2002);
 
 Johnson v. State,
 
 679 So.2d 831 (Fla. 1st DCA 1996) (remanding for resentencing where comments by trial court could be read to infringe upon defendant’s decision to exercise his constitutional right to a jury trial);
 
 Peters v. State,
 
 485 So.2d 30 (Fla. 3d DCA 1986) (vacating sentence where court penalized the defendant for exercising his religious freedom by possessing a Bible in court as well as “for exercising his privilege against self-incrimination, his right to
 
 *125
 
 be tried by a jury, and his right to testify in his own behalf’). Reliance on constitutionally impermissible factors is a violation of the defendant’s due process rights.
 
 Ritter v. State,
 
 885 So.2d 413, 414 (Fla. 1st DCA 2004) (remanding sentence where court impermissibly considered defendant’s privilege to exercise his right against self-incrimination);
 
 see also Hannum,
 
 18 So.3d at 135-36. Accordingly, we must consider whether the trial judge’s comments during sentence were “so erroneous as to be equivalent to a denial of due process.”
 
 Hannum,
 
 13 So.3d at 135.
 

 Here, appellant asserts that the trial court considered a constitutionally impermissible factor, namely appellant’s national origin, during the sentencing process. As far as we have been able to determine, this case presents an issue of first impression in Florida. Several federal courts have held that national origin is a constitutionally impermissible factor to consider as a basis for sentencing.
 
 See, e.g., United States v. Onwuemene,
 
 933 F.2d 650, 651 (8th Cir.1991) (“[Sentencing an offender on the basis of factors such as race, national origin, or alienage violates the Constitution.”);
 
 see also United States v. Edwardo-Franco,
 
 885 F.2d 1002, 1005 (2d Cir.1989) (“[R]ace and nationality should play no adverse role in the administration of justice.”). However, reference to national origin during sentencing “is permissible, so long as it does not become the
 
 basis
 
 for determining the sentence.”
 
 United States v. Jacobson,
 
 15 F.3d 19, 23 (2d Cir.1994) (emphasis added) (finding national origin was not the basis for sentencing where trial judge clarified in sentencing order that defendant’s intelligence and lack of remorse and not his naturalized status were the basis for the sentence);
 
 see also Onwuemene,
 
 933 F.2d at 652 (holding that remand was necessary where court’s statements at sentencing included both permissible and impermissible considerations and court could not determine whether sentence would have been rendered absent impermissible considerations).
 

 We find the rationale followed by the federal courts to be persuasive with regard to the challenge raised by appellant. We agree with appellant that the comments by the trial judge could reasonably be construed to suggest that the trial judge based appellant’s sentence, at least in part, on his national origin.
 

 We are further mindful of the mandate that, for justice to be done, it must also
 
 appear
 
 to be done.
 
 See, e.g., Scott v. Anderson,
 
 405 So.2d 228, 234 (Fla. 1st DCA 1981) (“[T]o perform its high function in the best way ‘justice must satisfy the appearance of justice.’”) (quoting
 
 In re Murchison,
 
 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955)). Because it is unclear whether the trial court would have imposed the same sentence absent consideration of appellant’s national origin, we must vacate appellant’s sentence and remand for resentencing before a different judge.
 

 REVERSED AND REMANDED.
 

 WEBSTER, PADOVANO, and ROWE, JJ., concur.