PER CURIAM.
 

 Ronald Jackson appeals a conviction and sentence for armed robbery while actually possessing a firearm. We affirm without
 
 *428
 
 comment the trial court’s rulings made during the guilt phase of the trial. We vacate the 25-year prison sentence, however, because the trial court’s remarks immediately before pronouncing the sentence are reasonably construed as affirmatively punishing Jackson for failing to show any remorse or regret for any of his actions, thereby denying due process and fundamentally erring.
 

 At sentencing, the trial court made several remarks, including the following:
 

 Mr. Jackson, you’ve been convicted by a jury of your peers, since you show no remorse or regret for any of your actions I’m going to sentence you to 25 years Florida State Prison....
 

 The evidence in this case, although sufficient to support a conviction, was not overwhelming, relying largely upon a photo lineup identification. Appellant made no admission of complicity in the crime charged. The statement made by the trial court can reasonably be read only as conditioning the sentence, at least in part, upon appellant’s claim of innocence, in violation of established law.
 
 See Nawaz v. State,
 
 28 So.3d 122, 124-25 (Fla. 1st DCA 2010) (finding fundamental error where trial court based sentence partly on an impermissible ground);
 
 Whitmore v. State,
 
 27 So.3d 168, 169-72 (Fla. 4th DCA 2010) (concluding that trial court’s reliance upon defendant’s continued protestation of innocence at sentencing, which the judge viewed as a lack of remorse and denial of responsibility, was an impermissible basis for imposing the maximum sentence, denied due process, and constituted fundamental error);
 
 Jiles v. State,
 
 18 So.3d 1216 (Fla. 5th DCA 2009) (reversing sentence and remanding for resentencing before a different judge because original judge improperly based sentence upon defendant’s denying his involvement and failing to accept responsibility);
 
 Hannum v. State,
 
 13 So.3d 132, 134-36 (Fla. 2d DCA 2009) (concluding that trial court’s improper consideration of defendant’s maintaining his innocence at trial and at sentencing denied due process and constituted fundamental error, compelling reversal of sentence and remand for resentencing, even though the original prison sentence fell within the scoresheet range);
 
 Bracero v. State,
 
 10 So.3d 664, 665-66 (Fla. 2d DCA 2009) (concluding the trial court’s consideration of defendant’s continuing protestations of innocence as a factor in determining the length of his sentences violated due process, constituted fundamental error, and compelled reversal of sentences and remand for resentencing);
 
 Ritter v. State,
 
 885 So.2d 413, 414-15 (Fla. 1st DCA 2004) (concluding that appellate counsel rendered ineffective assistance by failing to raise due-process challenge to trial court’s considering defendant’s denial of guilt and assertion of innocence as grounds for imposing a prison sentence in excess of State’s recommendation but within the guidelines scoresheet range);
 
 A.S. v. State,
 
 667 So.2d 994, 995-96 & n. 4 (Fla. 3d DCA 1996) (reversing and remanding final order committing subject to a juvenile facility, where the trial court impermissibly based its disposition of the case partly on the juvenile’s continuing to maintain his innocence and showing no remorse throughout the proceeding). Jackson is entitled to resentencing before a different judge.
 
 See Whitmore,
 
 27 So.3d at 172.
 

 We AFFIRM the conviction, VACATE the sentence, and REMAND with instructions to resentence Jackson before a different judge.
 

 KAHN, ROWE, and MARSTILLER, JJ., concur.