WOLF, J.
Appellant challenges his ten-year prison sentence for grand theft. He argues the trial court committed fundamental error by considering the truthfulness of his testimony when imposing his sentence. We agree and reverse.
*305 At the sentencing hearing, the trial court said:
I could not do justice in this case unless I was sitting on the bench in Texas, because in my opinion, Mr. Williams is the sort of individual who deserves to go to prison for the rest of his life. If he was in Texas that is what would be occurring.
But our Legislature has not shown fit to allow that sort of enhancement for someone of Mr. Williams’ offense. Mr. Williams is a life long habitual thief and criminal. And not only is he that, but he took the stand in this particular case and clearly lied and perjured himself before the Court.
I see absolutely nothing in this case which warrants anything but the maximum habitual offender sentence.
(Emphasis added).
It is well established that “[wjhile a sentencing court has wide discretion as to the factors it may consider in imposing a sentence, it is constitutionally impermissible for it to consider the fact that a defendant continues to maintain his innocence and is unwilling to admit guilt.” Ritter v. State, 885 So.2d 413, 414 (Fla. 1st DCA 2004) (remanding for resentencing before a different judge). In Holton, the supreme court explained “[a] trial court violates due process by using a protestation of innocence against a defendant” because the Fifth Amendment protection against self-incrimination “applies to the penalty phase as well as to the guilt phase.” Holton v. State, 573 So.2d 284, 292 (Fla.1990).
This court in Jackson held that an appellant is entitled to resentencing before a different judge when “[t]he statement made by the trial court can reasonably be read only as conditioning the sentence, at least in part, upon appellant’s claim of innocence, in violation of established law.” Jackson v. State, 39 So.3d 427, 428 (Fla. 1st DCA 2010) (emphasis added).
In the case at hand, the trial court’s statement can reasonably be read as conditioning appellant’s sentence, at least in part, on the veracity of his testimony. As such, we reverse and remand for resen-tencing before a different judge.
REVERSED AND REMANDED.
LEWIS and THOMAS, JJ., concur.