WOLF, J.
Appellant challenges his conviction for first-degree sexual battery. He raises four issues. We affirm the first and third issues without comment. In the second issue, he argues counsel was ineffective. We find that issue would be more properly raised pursuant to a motion for postconviction relief and, thus, affirm. In the fourth issue, he argues the trial court committed fundamental error by sentencing him based on constitutionally impermissible factors. We agree that the trial court’s comments could reasonably be construed to suggest that the trial court based appellant’s sentence, at least in part, on religion. Therefore, we reverse and remand for re-sentencing before a different judge.
During the sentencing hearing, appellant’s father spoke on appellant’s behalf and stated, “Your Honor, I am here to tell you who is my son. And I’m telling you the truth because I am a Catholic and I believe in the Bible. As a father that I am, I could tell you that my son is innocent.”
Appellant then addressed the court and stated that he was innocent. He asserted that he had been dating the victim, although she was a troubled woman of poor character, and she set him up for the sexual battery charge. Then, the following exchange occurred:
THE COURT: You were married, weren’t you?
[APPELLANT]: Yeah. I was married, but my wife was in my country.
THE COURT: I know that. Just because your wife is in another country doesn’t mean you ought to be going out with other women. You’re a good Catholic fellow as I am. That’s not the way *441 Catholic people — that’s not the way anybody with morals should do anything.
[APPELLANT]: We was going out like friends. Like go out.
THE COURT: [Appellant], you’re the one that said you had sex with her before this night.
[APPELLANT]: Yeah. Before this night. Yeah. We have sex.
THE COURT: But you’re married.
[APPELLANT]: Yeah. I was married.
THE COURT: That wasn’t right, was it?
[APPELLANT]: I know. Yes. It is my mistake.
(Emphasis added). At the end of the sentencing hearing, the trial court again commented on appellant’s claims that he had a consensual relationship with a woman other than his wife, stating:
If [the victim] is all what you say she is, you should have been miles and miles and miles away from her. You should never have invited her into your home. You should certainly never have gotten in a vehicle with her and gone barhopping. You should not have gone out on dates. You should not have been dancing together and by your own testimony you should not have had prior sexual encounters with her under any set of circumstances once you are married. But forget that two, she’s the kind of person that will turn on you and set you up and that’s what you told me. But yet you continue to have her, you know, be in your life even if it was her that called and said, “Let’s go out.” All you had to do was say no. The problem was, though, you didn’t.
(Emphasis added). The trial court then sentenced appellant to the statutory maximum of thirty years in prison.
“Although an appellate court generally may not review a sentence that is within statutory limits, an exception exists when the trial court considers constitutionally impermissible factors in imposing a sentence.” Santisteban v. State, 72 So.3d 187, 197 (Fla. 4th DCA 2011) (citing Nawaz v. State, 28 So.3d 122, 124 (Fla. 1st DCA 2010)). “Reliance on constitutionally impermissible factors,” including religion, “is a violation of a defendant’s due process rights.” Id. (citations omitted). “ ‘[S]imi-lar principles apply when a judge imper-missibly takes his own religious characteristics into account in sentencing.’ ” Id. (quoting United States v. Bakker, 925 F.2d 728, 740 (4th Cir.1991)). A sentence should be vacated where a trial judge’s comments “ ‘could reasonably be construed to suggest that the trial judge based [the] sentence, at least in part,’ ” on a constitutionally impermissible factor. Id. (quoting Nawaz, 28 So.3d at 125). See also Jackson v. State, 39 So.3d 427, 428 (Fla. 1st DCA 2010) (finding fundamental error where the trial court’s statement “can reasonably be read only as conditioning the sentence, at least in part, upon appellant’s claim of innocence”).
In Santisteban, a trial judge impermissi-bly based the length of a sentence on religious principles. 72 So.3d at 198. The Fourth District reasoned that because it could not say that the sentence would have been the same without reliance on that impermissible ground, the sentence should be vacated. Santisteban distinguished Singleton v. State, 783 So.2d 970, 979 (Fla.2001), in which the supreme court found that although biblical references should not be used, an “extraneous” biblical reference in a sentencing order comparing modern times to Sodom and Gomorrah was not reversible error because the order clearly stated the judge did not consider any aggravating factors other than the two set forth in the order.
*442 Here, we find the trial judge’s comments can reasonably be construed to suggest that the trial judge based appellant’s sentence, at least in part, on religion. We note that appellant never stated he was Catholic. Instead, the trial judge apparently assumed appellant was Catholic because his father was. The court then specifically condemned appellant for his claim that he had a consensual dating relationship with the victim because it went against the judge’s own religious beliefs. The judge stated, “Just because your wife is in another country doesn’t mean you ought to be going out with other women. You’re a good Catholic fellow as I am. That’s not the way Catholic people — that’s not the way anybody with morals should do anything.” At the end of the sentencing hearing, the court again condemned appellant for having what he claimed was a consensual relationship with the victim because he was married, stating, “by your own testimony you should not have had prior sexual encounters with her under any set of circumstances once you are married.... even if it was her that called and said, ‘Let’s go out.’ All you had to do was say no. The problem was, though, you didn’t.”
It is unclear how appellant’s fidelity to his wife had any bearing on the charge of sexual battery. Further, the trial judge clearly explained that his condemnation of appellant’s behavior was based on the court’s own religious beliefs, which he assumed he shared with appellant. Thus, the judge’s comments were not merely an “extraneous” biblical reference, as in Singleton, 783 So.2d at 979.
Further, we cannot say that the sentence would have been the same without the court’s impermissible consideration of religion. The minimum guidelines sentence was 9 years and 4 months imprisonment. The State did not request a specific number of years, but instead asked the trial court not to downwardly depart. The trial judge then sentenced appellant to the statutory maximum of 30 years imprisonment. Unlike in Singleton, 783 So.2d at 979, here the judge did not specify on what factors he based the sentence.
No one should be punished, or conversely shown leniency, merely because he or she may be a member of a particular religion. Moreover, as we stated in Na-waz, “for justice to be done, it must also appear to be done.” 28 So.3d at 125. Because the court’s comments could reasonably be construed as basing the sentence, at least in part, on religion, and because we cannot say that .the sentence would have been the same without the court’s impermissible consideration of religion, we vacate appellant’s sentence and remand for resentencing before a different judge.
REVERSED AND REMANDED.
ROBERTS, J., concurs; MAKAR, J., concurs with opinion.