IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RICHARD LEROY HAYES,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-3545

Opinion filed September 11, 2014.

An appeal from the Circuit Court for Duval County.
James H. Daniel, Judge.

Nancy A. Daniels, Public Defender and A. Victoria Wiggins, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General and Lauren Brudnicki, Assistant Attorney General, Tallahassee, for Appellee.

CLARK, J.

     Richard Leroy Hayes appeals his habitual felony offender ("HFO") sentence for possession of a firearm by a convicted felon and possession of cocaine while armed. He asserts that the sentence is unconstitutional due to the sentencing judge's comments about Hayes' maintaining his innocence despite the jury's verdict and failing to take responsibility or show remorse for his actions.

Appellant seeks reversal of the sentence as an unconstitutional punishment for his exercise of his rights to due process, to a jury trial, and to not incriminate himself. Because the record does not support Appellant's assertion that his sentences were imposed as punishment for his exercise of his constitutional rights, the sentences are affirmed.

At the sentencing hearing, Appellant stipulated to his habitual felony offender ("HFO") status, pursuant to section 775.084(1)(a), Florida Statutes. The statutory maximum sentence was thus thirty years. § 775.084(4)(a), Fla. Stat. After witnesses testified on Appellant's behalf, the court heard counsel's arguments.

The State emphasized Appellant's lengthy previous record and recommended concurrent sentences of fifteen years. Defense counsel, in support of a lenient sentence, concluded the arguments thusly:

> But again, Your Honor, we would ask for three years. Mr. Hayes, I have no doubt, will do everything he can to do his best to obtain a GED while he is incarcerated, and that I just know that it would be improper to punish him simply for maintaining his innocence.

Immediately after the defense's argument, the court introduced its pronouncement of the sentence with an explanation of its reasoning. Referring to the defense's argument, the court stated:

> No one is punishing Mr. Hayes for maintaining his innocence. He maintained his innocence, and the evidence was such that the jury

2

found him guilty beyond a reasonable doubt of not only armed possession of cocaine but possession of a firearm by a convicted felon. And there is competent substantial evidence to support that verdict.

The court then discussed Appellant's record of offenses, sentences, and unsuccessful terms of supervised release over the preceding thirteen years. Finally, the court stated:

> So Mr. Hayes has exhibited a pattern of drug activity that has been unbroken since he turned the age of 15. There has been absolutely no inclination by Mr. Hayes today that he has taken responsibility for what happened and maybe in an effort to continue to maintain his innocence for purposes of appeal and later trial, that is fine, but the Court has seen no remorse, no taking any responsibility for what he has done. And in fact there continues to be allegations that somehow my attorney didn't do what I asked her to do or the Court made, you know, erroneous rulings, and it couldn't be the fact that maybe there was evidence against me that I had a gun in a rental car along with cocaine, and I'm a convicted felon.
> But be that as it may, Mr. Hayes is an habitual felony offender. He has stipulated to being an habitual felony offender, and the Court will find that he is an habitual felony offender, and find that it is appropriate to classify him as an habitual felony offender.

The court adjudicated Appellant guilty of the offenses and sentenced him to twelve years' incarceration on each count, to run concurrently, with a statutorily required three-year minimum mandatory provision.

There was no objection to the court's comments at the time they were made, no objection to the sentence at the time it was pronounced, and no motion to correct any illegality of the sentence pursuant to rule 3.800(b), Florida Rules of Criminal Procedure. The sentence did not exceed the statutory maximum of thirty

3

years and did not depend on statutory aggravating or mitigating factors. Appellant was sentenced as an HFO with a statutorily required mandatory minimum, so no departure from the criminal punishment code guidelines occurred. In addition, the twelve-year sentences were less than the fifteen years requested by the State.

Ordinarily, a sentence "within the minimum and maximum limits set by the legislature 'is a matter for the trial [c]ourt in the exercise of its discretion, which cannot be inquired into upon the appellate level.'" Norvil v. State, 39 Fla. L. Weekly D520, 2014 WL 940724, *2 (Fla. 4th DCA Mar. 12, 2014) (quoting Nusspickel v. State, 966 So. 2d 441, 444 (Fla. 2d DCA 2007)). If the written sentence contains an error, such as failure to include jail credit or failure to conform to the pronounced sentence, rule 9.140(e), Florida Rules of Appellate Procedure, requires a contemporaneous objection at sentencing or the filing of a motion to correct the sentence under rule 3.800(b), Florida Rules of Criminal Procedure, to preserve the error for review. Jackson v. State, 983 So. 2d 562, 569 (Fla. 2008).

However, if the error asserted is fundamental constitutional error in the sentencing proceedings and not in the sentencing order itself, rule 3.800(b) does not apply and is not a prerequisite to an appeal. Id. at 574; Nawaz v. State, 28 So. 3d 122 (Fla. 1st DCA 2010). Further, it is well settled that a trial court's remarks during sentencing which show reliance on constitutionally impermissible factors to

support the severity of the sentence can constitute a denial of the defendant's due process rights and thus constitute fundamental error which may be raised for the first time on appeal. See Torres v. State, 124 So. 3d 439 (Fla. 1st DCA 2013). This Court and others have reversed numerous sentences due to fundamental error where the comments of the sentencing judge showed that the court considered the defendants' lack of remorse and refusal to admit guilt in determining the length of the sentence. See Dumas v. State, 134 So. 3d 1048 (Fla. 1st DCA 2013); Jackson v. State, 39 So. 3d 427 (Fla. 1st DCA 2010) (citing multiple cases therein).

While it is fundamental error to punish a defendant for exercising his or her constitutional rights, we decline to hold that any mention by a sentencing judge of a defendant's claim of innocence or failure to "take responsibility" during a sentencing hearing automatically renders the sentence an infringement of the defendant's constitutional right to maintain one's innocence. In this case, the record shows that the sentence was based on the valid grounds of Appellant's stipulated and unchallenged status as an HFO. The trial court specifically stated that Appellant *was not* being punished for maintaining his innocence, in response to a suggestion by defense counsel that such punishment would be illegal. Although the trial court surmised that Appellant maintained his innocence for appellate reasons and the possibility of future re-trials, and observed that Appellant had not shown any remorse or taken responsibility for "what he has done" over his

5

lengthy criminal history, the court discounted these factors as affecting the sentence by stating immediately thereafter: "But be that as it may, Mr. Hayes is an habitual felony offender." The transcript of the sentencing hearing in this case does not give rise to a presumption that the sentence was imposed as a punishment for Appellant's exercise of his constitutional rights.

Viewing the trial court's comments in the context of the record as a whole, and considering that the sentence was shorter than requested by the State and not otherwise enhanced or aggravated beyond any guideline or recommendation, we conclude that the HFO sentence was constitutionally valid because it was not based on Appellant's exercise of his constitutional right to maintain his innocence. Aliyev v. State, 835 So. 2d 1232 (Fla. 4th DCA 2003) ("[W]e cannot conclude on this record that Aliyev was punished for maintaining his innocence."); see also Nusspickel v. State, 966 So. 2d 441 (Fla. 2d DCA 2007) (context of record as whole demonstrated fair sentencing process with relevant and reliable factors considered by trial court in imposing sentence, despite judicial comments about leniency of the jury's verdict).

Accordingly, the sentence is AFFIRMED.

VAN NORTWICK and SWANSON, JJ., CONCUR.