IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LISA MARIE MACAN,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5496

_____/

Opinion filed December 1, 2015.

An appeal from the Circuit Court for Santa Rosa County.
Marci L. Goodman, Judge.

Nancy A. Daniels, Public Defender, and Zachary F. Lawton, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Trisha Meggs Pate, Bureau Chief, Criminal Appeals, Tallahassee, for Appellee.

PER CURIAM.

      Appellant, Lisa Macan, appeals her judgment and sentence for neglect of an

elderly person without great bodily harm, possession of a controlled substance, and

petit theft. We affirm her convictions without further comment. However, because we agree that the trial court fundamentally erred when it considered Macan's lack of remorse when imposing the sentence, we vacate the sentence and remand for resentencing before another judge.

Ordinarily, a trial court's imposition of a sentence within the minimum and maximum limits is a discretionary matter. Nusspickel v. State, 966 So. 2d 441, 444 (Fla. 2d DCA 2007). However, a claim that a court has considered a constitutionally impermissible factor in imposing a sentence may be reviewed for fundamental error.[1] Nawaz v. State, 28 So. 3d 122, 124-25 (Fla. 1st DCA 2010).

Macan was convicted for stealing morphine from an elderly hospice patient in her care while working as a nurse at an assisted living facility. When the victim did not respond to two doses of morphine administered within a short period of time and appeared to continue suffering, another nurse discovered that the prescription appeared to be watered down. After the assisted living facility confirmed that the morphine had been diluted, Macan provided signed statements to law enforcement and to her employer admitting that she took the morphine. However, at trial she maintained her innocence and testified that her written statements were untrue. The jury returned guilty verdicts on all counts.

---

[1] Our review is de novo. See Elliot v. State, 49 So. 3d 269, 270 (Fla. 1st DCA 2010).

At sentencing, the court referred at least eight times to Macan's failure to take responsibility, show remorse or empathy, or apologize to the family of the victim. The court cited Macan's lack of remorse as "what bothers [the court] the most," "what has bothered [the court] throughout," and "the whole problem." These statements continued even after defense counsel noted that a defendant who is maintaining innocence will not show remorse. The court proceeded to impose a sentence of five years' probation for neglect of an elderly person, with 364 days in county jail as a condition of probation, a consecutive term of four years' probation for possession of a controlled substance, and time served for the petit theft.

Macan argues the trial court fundamentally erred when it imposed a sentence that took into consideration her failure to show remorse. It is a violation of due process to punish a defendant for maintaining his or her innocence. Jackson v. State, 39 So. 3d 427, 428 (Fla. 1st DCA 2010). Thus, where a defendant protests his or her innocence throughout trial and at sentencing, it is constitutionally impermissible for the trial court to consider lack of remorse when imposing the sentence. Williams v. State, 89 So. 3d 304, 305 (Fla. 1st DCA 2012). Although the mere mention of a defendant's "claim of innocence or failure to 'take responsibility' during a sentencing hearing" will not necessarily rise to the level of fundamental error, Hayes v. State, 150 So. 3d 249, 252 (Fla. 1st DCA 2014), where a "statement made by the trial court can reasonably be read only as conditioning the sentence, at least in part,

3

upon appellant's claim of innocence," fundamental error occurs. <u>Jackson</u>, 39 So. 3d at 428.

Here, the court did not merely mention in passing Macan's refusal to take responsibility for her actions. <u>Hayes</u>, 150 So. 3d at 252. Rather, the court repeatedly referred to Macan's lack of remorse throughout the sentencing hearing. Because the trial court's comments can be reasonably read as conditioning Macan's sentence, at least in part, on her claim of innocence, <u>Jackson</u>, 39 So. 3d at 428, we reverse and remand for Macan to be resentenced before a different judge. <u>Williams</u>, 89 So. 3d at 305.

We also note the State's concession of error as to an apparent discrepancy between the oral and written assessments of fees and costs.[2] On remand, the written assessment must conform to the oral pronouncement. <u>See</u> <u>Brammer v. State</u>, 554 So. 2d 671 (Fla. 2d DCA 1990). Any discretionary assessments must be specifically identified at resentencing. <u>Mills v. State</u>, 40 Fla. L. Weekly D2165 (Fla. 1st DCA June 17, 2015), <u>reh'g denied</u> (Sept. 24, 2015).

Accordingly, we AFFIRM Macan's convictions, VACATE her sentence, and REMAND for resentencing before a different judge.

BENTON, ROWE, and MARSTILLER, JJ., CONCUR.

---

[2] Appellant preserved this issue through a timely motion to correct sentencing error filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).

4