*948 PER CURIAM.
Appellant, Johnny Mack Brown, Jr., appeals the sentence imposed after a jury found him guilty of one second-degree felony and several misdemeanors. Appellant argues that the trial court improperly considered a pending charge at sentencing, without receiving evidence, when the court repeatedly emphasized the charged conduct during the sentencing hearing, indicated that it believed the conduct occurred, and appeared to rely on the conduct, in part, to justify the sentence.
In Norvil v. State, the Florida Supreme Court announced that “a trial court may not consider a subsequent arrest without conviction during sentencing for the primary offense.” 191 So.3d 406, 410 (Fla. 2016). The Court did so based upon its interpretation of the Criminal Punishment Code and section 921.231, Florida Statutes, regarding presentence investigation reports. We are bound by Norvil’s interpretation of these statutes absent an amendment by the Legislature.
“If portions of the record reflect that the trial court may have relied upon impermissible considerations in imposing sentence, the State bears the burden to show from the record as a whole that the trial court did not rely on such impermissible considerations.” Nusspickel v. State, 966 So.2d 441, 444-45 (Fla. 2d DCA 2007). Given the record here, the State has not carried its burden. Accordingly, we reverse the sentence and remand for re-sentencing before a different judge. See McGill v. State, 148 So.3d 531 (Fla. 5th DCA 2014).
REVERSED and REMANDED.
COHEN, C.J., BERGER and EISNAUGLE, JJ„ concur.
BERGER, J., concurs specially, with opinion, in which EISNAUGLE, J., concurs.