Wolf, J.
This appeal stems from a mandatory resentencing of appellant required by Graham v. Florida , 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). The trial court vacated appellant's life sentences and resentenced him to life in prison in accordance with section 921.1401, Florida Statutes. Appellant raises three issues on appeal: (I) whether the trial court erred in weighing and failing to weigh several factors *719 before resentencing appellant to life in prison; (II) whether the trial court erred in denying appellant's request for a jury finding under section 921.1401 ; and (III) whether section 921.1401 is facially unconstitutional.
We determine appellant failed to demonstrate that the trial court erred in considering the factors in section 921.1401 and affirm as to Issue I without further discussion.
As to Issues II and III, appellant complains that section 921.1401 requires the judge, not the jury, to consider certain factors in determining whether to impose a life sentence. He contends that this statute is directly analogous to Florida's former capital sentencing statute, which required a judge to find mitigating or aggravating factors that would warrant the death penalty. This capital punishment statute was declared unconstitutional under the Sixth Amendment because a jury, not a judge, must to find each fact necessary to impose a death sentence. Hurst v. Florida , --- U.S. ----, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016) (citing Apprendi v. New Jersey , 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ). Appellant thus argues that the trial court erred in denying his request for a jury to make findings as to the sentencing factors set forth in section 921.1401.
We rejected these arguments in Copeland v. State , 240 So.3d 58, 59 (Fla. 1st DCA 2018), for the reasons expressed in Beckman v. State , 230 So.3d 77, 94 (Fla. 3d DCA 2017).
Accordingly, the judgment and sentence are AFFIRMED .
Bilbrey and Kelsey, JJ., concur.