# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4095
_____

KIMOTHY MARK SIMMONS,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____


On appeal from the Circuit Court for Duval County.
Linda F. McCallum, Judge.

March 7, 2019


PER CURIAM.

   Kimothy M. Simmons ("Simmons") was seventeen years old when he impersonated a law enforcement officer to gain access into a home and stabbed the victim, a person he had never met, over thirty-one times.  A jury found Simmons guilty of first degree murder, that the murder was committed during the commission of a burglary, and that he carried, displayed, and used a weapon during the commission of the offenses. He was sentenced to a mandatory sentence of life in prison. In the wake of *Miller v. Alabama*, 567 U.S. 460 (2012), Simmons was granted resentencing. Following an evidentiary hearing, he was again sentenced to life in prison with the opportunity for early release with a review hearing to be conducted in accordance with sections

775.082 (1)(b)1. and 921.1402(2)(a), Florida Statutes. Simmons now challenges that sentence.

Simmons first argues the trial court erred in several of its findings on the statutory factors set forth in section 921.1401, Florida Statutes. However, as no contemporaneous objection was made at the time of alleged errors at the sentencing hearing, the issues were not preserved for review. Accordingly, this Court may only review claims of fundamental error. *See Nawaz v. State*, 28 So. 3d 122, 124 (Fla. 1st DCA 2010). If a court considers a constitutionally impermissible factor in imposing a sentence fundamental error can occur. *See Macan v. State*, 179 So. 3d 551, 552 (Fla. 1st DCA 2015). Here, none of Simmons' claims of error involve impermissible factors. He merely disagrees with the trial court's assessment of the required factors under section 921.1401. The statute requires only that the trial court "consider" these factors before it can impose a life sentence. § 921.1401(2), Fla. Stat. As the trial court did so, no fundamental error occurred.

As to Simmons' second issue on appeal, this Court has previously rejected the argument that a jury, rather than the trial court, must determine whether a life sentence is appropriate under the statutory factors in section 921.1401. *See Gonzalez v. State*, 252 So. 3d 1282, 1283 (Fla. 1st DCA 2018); *Roberson v. State*, 247 So. 3d 718, 719 (Fla. 1st DCA 2018); *Copeland v. State*, 240 So. 3d 58, 59-60 (Fla. 1st DCA 2018). The statutory factors in section 921.1401 do not alter the maximum, or minimum, punishment available for juvenile offenders. *See Beckman v. State*, 230 So. 3d 77, 96 (Fla. 3d DCA 2017). These factors are not elements of the offense; they are merely sentencing factors which the trial judge may take into consideration when exercising his discretion to impose a sentence within the range prescribed by statute and ensure proportionality. *Id.* at 94-96.

Simmons' argument that this Court should revisit *Copeland* and subsequent cases due to the recent Florida Supreme Court decision in *Williams v. State*, 242 So. 3d 280 (Fla. 2018), is unavailing. The *Williams* decision does not affect the prior holdings of this Court. In *Williams*, a jury convicted the juvenile defendant of first-degree murder, without specifying whether it was premeditated or felony murder, or both. *Id.* at 283. Under the

section 921.1401, such a finding entitled the defendant to a sentence review in twenty-five years. *Id.* at 288. Without this finding, there was no minimum required sentence, and the sentence review would be in fifteen years. *Id.* at 284, 288. At resentencing, the trial court denied the defendant's request to impanel the jury to make this finding. *Id.* at 285. The Florida Supreme Court reversed, holding *Alleyne v. United States*, 570 U.S. 99 (2013), required the jury to make this factual finding, not the trial court. *Id.* at 282. *Alleyne* required a jury to decide any facts which increased the sentencing floor, or minimum mandatory sentence. *Id.* at 286. An *Alleyne* violation occurred in *Williams* because there was no clear jury finding on the general verdict form that Appellant had actually killed, intended to kill, or attempted to kill the victim, a finding which would increase the minimum required sentence.

*Alleyne* is not implicated in the instant case because the jury had made its required finding that Simmons actually killed the victim. Although the jury, as in *Williams*, was instructed on both premeditated murder and felony murder, the jury specifically convicted Simmons of first-degree felony murder. The jury expressly found on the verdict form Simmons killed the victim during the commission of a burglary. Moreover, the jury, unlike the jury in *Williams*, did not receive an instruction on principals. Thus, the jury in the instant case was not given the option of convicting Simmons of killing the victim based on the action of another. As the jury made the requisite finding in this case, the minimum floor has been set, and the trial court must procced to determine whether a life sentence is appropriate under section 921.1401.

The trial court issued a detailed sentencing order discussing the statutory factors. Simmons has shown no error. Accordingly, the life sentence is affirmed.

AFFIRMED.

MAKAR and M.K. THOMAS, JJ., concur; WOLF, J., concurs in result only.

3

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Andy Thomas, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.

Ashley B. Moody, Attorney General, and Daniel Krumbholz, Assistant Attorney General, Tallahassee, for Appellee.