LAMBERT, J.
The sole issue that we address in this case is the not-infrequently-raised claim by defendants that the trial judge in their cases committed fundamental error in considering unsubstantiated allegations of misconduct at a sentencing hearing. Because we conclude that this is what happened here, we reverse the sentence imposed and remand for resentencing by a different judge.
The facts of this case are straightforward and uncomplicated. Robert John Shelko was stopped by a Citrus County Sheriff's Deputy for failing to maintain his vehicle in a single lane of traffic. During the course of this stop, a canine deputy arrived on the scene, and his dog conducted an exterior search of Shelko's vehicle. The dog alerted to an odor of narcotics; and, during the subsequent search of the vehicle at the scene, a pipe used to smoke methamphetamine was seized. Shelko was then placed under arrest; and during a search incident to his arrest, two separate baggies of methamphetamine were found in one of Shelko's pants pockets. The deputies also seized $ 1300 in cash.
The State charged Shelko with possession of methamphetamine, a third-degree felony, and possession of paraphernalia. Shelko proceeded to trial and was convicted as charged. The trial judge held a sentencing hearing immediately after the jury was discharged. After hearing from Shelko as well as his mother and daughter, and after very brief argument from the prosecutor and defense counsel, the trial judge examined the methamphetamine and thereafter stated:
*1005 The only thing I can say, Mr. Shelko, dealing with the issue is that is what I called cartel quality meth. This is not shake and bake. And you know what shake and bake is, right? Shake and bake is the cheap stuff that's made locally.
This is crystal clear methamphetamine, window glass, window pane, crystal. This is cartel quality methamphetamine. It would probably light up every one of you in this room, okay.
And the fact that you had these separate amounts of it and a quantity of cash causes me great consternation.
The judge then sentenced Shelko to serve the maximum sentence of five years' imprisonment for the conviction of possession of methamphetamine.[1] Immediately thereafter, the judge decided to order the forfeiture of the $ 1300 found in Shelko's possession when he was arrested, observing that "although [Shelko] wasn't charged with sale or distribution, it's obvious that when you look at those two different amounts of cartel quality meth that [the money] was a result of ill gotten gains."
Shelko argues on appeal that the trial court erred in sentencing when it considered unsubstantiated allegations of misconduct. A trial court commits fundamental error when it considers constitutionally impermissible factors when imposing sentence. See Yisrael v. State , 65 So.3d 1177, 1177 (Fla. 1st DCA 2011) (citing Nawaz v. State , 28 So.3d 122, 124-25 (Fla. 1st DCA 2010) ; Jackson v. State , 39 So.3d 427, 428 (Fla. 1st DCA 2010) ). Furthermore, a defendant's due process rights are violated when the trial court considers such factors as unsubstantiated allegations of misconduct in sentencing. See McGill v. State , 148 So.3d 531, 531-32 (Fla. 5th DCA 2014) (citing Crouse v. State , 101 So.3d 901, 903 (Fla. 4th DCA 2012) ).
The trial judge here appears to have based his sentencing decision, at least in part, on what he perceived to be the "cartel quality of the methamphetamine" found in Shelko's possession. There was absolutely no testimony or evidence presented at trial to suggest Shelko was somehow involved in a drug cartel or acquired the methamphetamine from a distributor for a cartel. In fact, the only evidence at trial was that Shelko acquired this drug "locally." The State also never argued or suggested that the methamphetamine or Shelko was somehow related to a drug cartel. Moreover, although the State did not charge Shelko with sale of methamphetamine or possession of methamphetamine with the intent to sell or deliver, the judge expressed his "great consternation," just before announcing his sentence, regarding the amount of money in Shelko's possession when arrested. This comment, plus the judge's statement immediately after sentencing that the money found in Shelko's possession was "a result of ill gotten gains," clearly suggests the judge's belief that Shelko was also involved in the sale of methamphetamine. It is axiomatic that a trial judge violates a defendant's due process rights by basing his or her sentence, at least in part, on uncharged offenses. See MacIntosh v. State , 182 So.3d 888, 889 (Fla. 5th DCA 2016) (citing Crouse , 101 So.3d at 903 ).
Where the record reflects that the trial judge may have relied upon impermissible considerations in imposing sentence, the State bears the burden to show from the record as a whole that the judge did not rely on such considerations. See Brown v. State , 225 So.3d 947, 948 (Fla. 5th DCA 2017) (citing *1006 Nusspickel v. State , 966 So.2d 441, 444-45 (Fla. 2d DCA 2007) ). The State has not met its burden here.
Accordingly, we reverse Shelko's sentence and remand for resentencing before a different judge.[2]
REVERSED and REMANDED for resentencing.
EVANDER, C.J., and BERGER, J., concur.

Shelko was also sentenced to a "time served" jail sentence for possession of paraphernalia, which has not been challenged in this appeal.

The resentencing before the successor judge is a de novo proceeding. Shelko must be present at the hearing with court-appointed counsel, if he is indigent. Also, our reversal here does not preclude the successor judge from imposing five-year prison sentence or any other lawful sentence that the judge deems appropriate, after his or her proper review of the record, receipt of any further evidence, and argument from the parties.