DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES A. MORGAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1866

[December 9, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence Mirman, Judge; L.T. Case No. 77000326CFAXMX.

Ashley Nicole Minton of Minton Law, P.A., Fort Pierce, and James Morgan, Raiford, pro se, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges his life sentence imposed pursuant to section 921.1401, Florida Statutes. He claims that the statute should not apply to him, because the crime occurred in 1977. Because appellant requested sentencing pursuant to the statute, we affirm.

In 1977, appellant was convicted and sentenced to death for first-degree murder. After the multiple appeals, reversals, retrials, and appeals,[1] the Florida Supreme Court affirmed his conviction in 1994 but

---

[1] *See Morgan v. State*, 392 So. 2d 1315 (Fla. 1981) (*Morgan I*) (conviction and sentence of death reversed because bifurcated insanity procedure used in Morgan's trial was subsequently held to be unconstitutional); *Morgan v. State*, 453 So. 2d 394 (Fla. 1984) (*Morgan II*) (conviction and sentence reversed because trial court erred in refusing to permit Morgan to raise the insanity defense); *Morgan v. State*, 537 So. 2d 973 (Fla. 1989) (*Morgan III*) (conviction and sentence reversed because trial court erroneously excluded medical expert opinion testimony that was based on information obtained from Morgan by hypnosis).

reduced his sentence to life in prison with the possibility of parole after twenty-five years. *Morgan v. State*, 639 So. 2d 6, 14 (Fla. 1994).

Because appellant was a juvenile when he committed the murder, appellant sought re-sentencing after the Supreme Court decided *Miller v. Alabama*, 567 U.S. 460 (2012), which held that a sentencing scheme mandating life in prison without the possibility of parole for juvenile homicide offenders violated the Eighth Amendment. At the time of his motion, the Florida Supreme Court had extended *Miller* to juvenile life sentences even with the possibility of parole in *Atwell v. State*, 197 So. 3d 1040 (Fla. 2016).[2] Appellant requested sentencing pursuant to sections 921.1401 and 921.1402, Florida Statutes. He also filed an affidavit in which he confirmed his request to be sentenced pursuant to these newly enacted statutes. In that motion, he acknowledged that Florida no longer had a parole system other than the one which was currently available under his present sentence. He conceded that "if the court resentences me pursuant to section 921.1401, that this can and may affect my current parole status in the Department of Corrections." Further, he recognized "that it may forever preclude me for seeking parole at any time in the future." Resentencing at this time could affect his current status and make him "ineligible for parole altogether," which "could result in my serving a life sentence without the possibility of any form of release in the future."

The trial court held a resentencing hearing over several days. During the hearing, the court also questioned appellant about his understanding of what he may be giving up by seeking resentencing under the new statute. The appellant acknowledged that he understood.

The court resentenced appellant to life in prison with the required judicial review pursuant to section 921.1402, Florida Statutes.

On appeal, appellant claims that the court erred in sentencing him pursuant to section 921.1401, because the statute does not apply to his crime committed in 1977, and it would violate the ex post facto clause of the Florida and Federal Constitutions. This issue is without merit, because appellant affirmatively requested sentencing pursuant to its

---

[2] *Atwell* was later abrogated in *State v. Michel*, 257 So. 3d 3 (Fla. 2018), which held that the juvenile defendant's life sentence with the possibility of parole after twenty-five years, imposed upon his conviction of first-degree premeditated murder, was not the equivalent of life without possibility of parole and, thus, was not cruel and unusual punishment under Eighth Amendment. Therefore, such a sentence did not violate *Miller*, and resentencing in such cases was not required.

terms and made a knowing and voluntary relinquishment of his right to be sentenced under the 1977 sentencing law. Such a knowing rejection of his right to be sentenced under the prior law constitutes a waiver of his ex post facto rights. *See Bowles v. Singletary*, 698 So. 2d 1201, 1204 (Fla. 1997) (acceptance of Control Release terms constitutes waiver of ex post facto application of control release program to inmate's sentence). As noted in *Bowles*, in connection with new sentencing programs, "affirmative election to accept a newly created program waives any potential ex post facto argument the petitioner may have had." *Id.*

Moreover, his sentence without parole eligibility only "possibly" disadvantaged him, a criteria for ex post facto application. In *May v. Florida Parole and Probation Commission*, 435 So. 2d 834 (Fla. 1983), the court considered the ex post facto application of stricter criteria for setting a presumptive parole date than existed at the time of the defendant's original crime. The court noted:

> Florida law at the time of May's offense provided him with only *eligibility* for parole *consideration* (assuming good behavior during confinement). It is true that the commission has developed and implemented, as required by law, objective parole guidelines as the criteria upon which parole decisions are made. Nevertheless, chapter 947, Florida Statutes, taken as a whole, leaves the ultimate parole decision to the discretion, albeit guided by its own administrative rules, of the commission.

*Id.* at 837 (footnotes omitted). Therefore, the court did not find that the defendant was disadvantaged for purposes of ex post facto application. *Id.* at 838.

Similarly, in this case, parole was only a possibility—not an entitlement. Therefore, based upon the *May* analysis, there was no disadvantage created by application of the new sentencing scheme, because appellant was never entitled to release through parole.

Relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), appellant also contends that the sentencing factors under section 921.1401 must be made by a jury and not the court. We have already decided this issue and have held that section 921.1401 does not violate *Apprendi*, because the statute does not alter the statutory maximum nor does the court sentence outside of the sentencing range prescribed by the statute when considering the statutory factors. *See White v. State*, 271 So. 3d 1023, 1027–28 (Fla. 4th DCA 2019); *accord Simmons v. State*, 267 So. 3d 1067, 1069–70 (Fla.

1st DCA 2019); *Beckman v. State,* 230 So. 3d 77, 94–97 (Fla. 3d DCA 2017).

Finally, appellant argues that the prosecutor engaged in misconduct in several of his remarks during sentencing. We do find that the prosecutor was immoderate in his criticism of the Supreme Court in *Miller* and *Graham,* as well as his comments as to various appellate rulings. This was clearly a result of a lot of frustration that appellant's case had been relitigated so many times over the last forty-plus years. Despite these remarks, there is no error. This was a sentencing proceeding before a judge, not a jury. Judges are well able to disregard such remarks and adhere to the requirements of law. *See Harvard v. State,* 414 So. 2d 1032, 1034 (Fla. 1982); *Alford v. State,* 355 So. 2d 108, 109 (Fla. 1977).

For the foregoing reasons, we affirm the trial court's sentencing order.

*Affirmed.*

LEVINE, C.J., and ARTAU, J., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***