# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D22-0703
LT Case Nos. 2020-CF-001354-A
2020-CF-001355
2020-CF-001390

_____

MYKEL ANTHONY NELSON,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____

On appeal from the Circuit Court for Citrus County.
Richard A. Howard, Judge.

Victoria E. Hatfield, of O'Brien Hatfield Reese, P.A., Tampa, for
Appellant.

Ashley Moody, Attorney General, Tallahassee, and Kaylee D.
Tatman, Assistant Attorney General, Daytona Beach, for
Appellee.

January 12, 2024

PRATT, J.

   This appeal presents the question whether a trial court may
rely on a defendant's lawful firearm possession in sentencing him.
We conclude that it may not. Courts deprive defendants of due

process when they rely on uncharged and unproven conduct during sentencing, and this principle holds especially true where the uncharged conduct is the lawful exercise of a constitutional right.

## I.

On November 3, 2020, a confidential informant bought approximately four ounces of cannabis from Mykel Anthony Nelson in exchange for $500. About a month later, the same confidential informant paid Nelson $1,500 for a pound of the drug. During both transactions, Nelson used his name and his personal cellphone, and the transactions took place at his residence.

The confidential informant then negotiated a third, larger transaction for 28 pounds of cannabis, with the purchase to occur on December 10, 2020. That buy never happened. Instead, law enforcement executed a search warrant at the residence and arrested Nelson, who cooperated by informing the officers that they would find cannabis. Officers found 28.998 pounds of the drug in the home.

Nelson's arrest resulted in three criminal cases against him. In total, the State charged him with the following offenses: sale or possession of cannabis with intent to sell, a third-degree felony; unlawful use of a two-way communications device, a third-degree felony; trafficking in cannabis in excess of twenty-five pounds but less than 2,000 pounds, a second-degree felony; possession of a place for trafficking, a third-degree felony; and possession of drug paraphernalia, a first-degree misdemeanor. Nelson, who had no prior criminal convictions, pled no contest to all the charges. He and the State agreed that the State would not waive the three-year minimum mandatory prison sentence applicable to the trafficking charge, and that Nelson's sentence would be capped at 87.23 months, which included the discretionary trafficking enhancement that the court might choose to impose. Thus, the sentencing range with the agreed-upon cap would be between 36 and 87.23 months of incarceration.

At the sentencing hearing, the court entertained argument from both Nelson and the State, with Nelson urging the court to impose 36 months, and the State urging the court to impose 87.23

months. During its argument, the State presented two photos of firearms found in Nelson's home, noting that "a possible murder a couple of months ago that was probably related to the sale of cannabis" had occurred in Citrus County. However, the State did not argue that Nelson himself was in any way connected to the murder, and it conceded that it did not bring any firearm-related charges against him.

After hearing a brief rebuttal argument from Nelson's counsel, the court announced his sentence. The court applied the discretionary trafficking enhancement and sentenced Nelson to 87.23 months of incarceration on counts 1 and 2 (to run concurrently). Immediately after pronouncing this sentence, the court stated: "And what hurts you the most, Mr. Nelson, was . . . the photographs of the guns. They did not charge with those. I did not take that into account; but why you did this, I do not know." The court then imposed three-year sentences on the remaining felony counts, with the sentences to run concurrently with the concurrent 87.23-month sentences.

Nelson has appealed his sentences. We have jurisdiction.

## II.

Nelson argues that he is entitled to a new sentencing before a different judge because the trial court committed two fundamental errors. First, Nelson argues that the trial court fundamentally erred by failing to properly consider and address his request for a downward departure. Second, he argues that the trial court fundamentally erred when it relied upon his uncharged, lawful firearm possession in pronouncing his sentence. We need only consider Nelson's second argument, and we agree that he is entitled to the relief that he seeks.

Trial courts generally enjoy wide discretion in sentencing convicted defendants within the range of sentences established by the Legislature. *See Nusspickel v. State*, 966 So. 2d 441, 444 (Fla. 2d DCA 2007). However, "an exception exists, when the trial court considers constitutionally impermissible factors in imposing a sentence." *Kenner v. State*, 208 So. 3d 271, 277 (Fla. 5th DCA 2016) (quotation marks omitted). Reliance on constitutionally impermissible factors deprives a defendant of due process and

3

therefore constitutes fundamental error. *See Shelko v. State*, 268 So. 3d 1003, 1005 (Fla. 5th DCA 2019). As relevant here, "[a] trial court's consideration of unsubstantiated allegations of misconduct in sentencing constitutes a due process violation." *Petit-Homme v. State*, 284 So. 3d 1126, 1128 (Fla. 5th DCA 2019). In short, just as "[d]ue process prohibits an individual from being *convicted* of an uncharged crime," *Morgan v. State*, 146 So. 3d 508, 512 (Fla. 5th DCA 2014) (emphasis added), it also prohibits him from being *sentenced* for one based on "unsubstantiated allegations," *Shelko*, 268 So. 3d at 1005.

This basic principle of due process carries no less force when the uncharged conduct is the lawful exercise of a constitutional right. Both the Florida and federal constitutions guarantee the fundamental, preexisting right to keep and bear arms. Amend. II, U.S. Const.; Art. I, § 8(a), Fla. Const.; *see McDonald v. Chicago*, 561 U.S. 742 (2010); *District of Columbia v. Heller*, 554 U.S. 570 (2008); *Norman v. State*, 215 So. 3d 18, 33–35, 42 (Fla. 2017) (chronicling Florida's right to arms and describing the right as "fundamental"). This right belongs to "the people"—a term that "unambiguously refers to all members of the political community, not an unspecified subset." *Heller*, 554 U.S. at 580. Moreover, while the right is "not a right to keep and carry" arms "for whatever purpose," *id.* at 626, it *is* a right to keep and carry arms "for a *lawful* purpose," *id.* at 620 (emphasis added; quotation marks omitted), including one's "defense of hearth and home," *id.* at 635.

At sentencing, the State presented no evidence to establish that Nelson's possession of firearms within his home contravened the law. The State did not claim that any law prohibited Nelson from possessing firearms at the time of his arrest, much less point to such a law that would pass muster under the Second Amendment.[1] *Cf. Simpson v. State*, 368 So. 3d 513, 525 (Fla. 5th

---

[1] We are aware that Florida law now prohibits Nelson from possessing firearms due to his felony convictions. *See* § 790.23(1)(a), Fla. Stat. (2023). But the relevant question here is whether Florida law dispossessed Nelson *at the time of his arrest.* The State presented no such argument below or on appeal.

4

DCA 2023) (Pratt, J., concurring, joined by Jay, J.). Nor did it charge him with any firearm-related offense. The State introduced no evidence establishing that Nelson possessed his firearms within the home to further his illicit activities or for any other unlawful purpose. Indeed, at sentencing, the State affirmatively conceded that it had not charged Nelson with armed trafficking, as the firearms were not found near the cannabis. Moreover, Nelson had no prior convictions. In short, not only did the State decline to charge Nelson with a firearm-related offense; the State failed to argue, much less establish by evidence, that his firearm possession constituted anything other than the lawful exercise of his constitutional right to keep and bear arms "in defense of hearth and home." *Heller*, 554 U.S. at 635.

Rather than argue that the court could sentence Nelson based on his lawful firearm possession, the State instead contends that the court did no such thing. The State notes that it introduced only two photographs showing firearms, and that following the court's statement that "[w]hat hurts you most, Mr. Nelson, was . . . the photographs of the guns," the court declared, "I did not take that into account." We are not persuaded. The question before us is not whether the trial court *in fact* relied upon Nelson's lawful firearm possession. Instead, we ask only whether "the record reflects that the trial judge *may* have relied upon impermissible considerations in imposing sentence." *Shelko*, 268 So. 3d at 1005 (emphasis added). If the record so reflects, "the State bears the burden to show from the record as a whole that the judge did not rely on such considerations." *Id.*

The court's statements indicate that it may have relied upon Nelson's lawful firearm possession in imposing his sentence, and the State has failed to carry its burden to show otherwise. By declaring that "the photographs of the guns" were "[w]hat hurts [Nelson] most," the court suggested that it weighed Nelson's lawful firearm possession against him. At best, the State has shown that the court made two contradictory statements: one that it took the firearm possession into account, and one that it did not. That showing does not suffice. "[W]e cannot ignore the nature and extent of the trial court's discussion of irrelevant and impermissible factors during the sentencing hearing." *Kenner*, 208 So. 3d at 278. "Because the court's comments could reasonably be

construed as basing the sentence, at least in part, [on impermissible factors], and because we cannot say that the sentence would have been the same without the court's impermissible consideration of [that factor]," we must "vacate appellant's sentence and remand for resentencing before a different judge." *Id.* (quotation marks omitted).[2]

### III.

If due process prohibits a trial court from relying on "uncharged and unproven *crimes*" when pronouncing a sentence, *Petit-Homme*, 284 So. 3d at 1128 (emphasis added), then, *a fortiori*, it prohibits a trial court from relying on the *lawful* exercise of a constitutional *right*. The State has failed to carry its burden to show that the sentencing court did not rely, at least in part, on Nelson's lawful exercise of his constitutional right to keep and bear arms. Accordingly, we vacate Nelson's sentences, remand these cases for resentencing, and direct the Chief Judge of the Circuit Court to reassign the cases to a different judge for the resentencing.

SENTENCES VACATED; CASES REMANDED WITH INSTRUCTIONS.

EISNAUGLE and HARRIS, JJ., concur.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---

[2] Because, on this point, Nelson has demonstrated entitlement to all the relief that he seeks, we need not and do not reach his other assertion of error (namely, that the trial court failed to properly consider and address his request for a downward departure).